300 So.2d 694 (1974)
H. Carl VANDERVOORT, Jr., Appellant,
v.
Margaret Jean VANDERVOORT, Appellee.
No. 73-1118.
District Court of Appeal of Florida, Third District.
September 3, 1974.
Rehearing Denied October 14, 1974.
Cushman & Cushman, Miami, for appellant.
Sams, Anderson, Alper & Post, and R. Thomas Farrar, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The appellant, who is the former husband of the appellee, appeals an award to the former wife of the sum of $150,000 as lump sum alimony. Other appeals stemming from this bitter property controversy growing out of dissolution of marriage are reported at Fla.App., 265 So.2d 77 and Fla.App., 275 So.2d 617.
The burden of appellant's argument is that an award of lump sum alimony was *695 completely uncalled for because the evidence did not meet the standards set forth by the Supreme Court of Florida in Yandell v. Yandell, Fla. 1949, 39 So.2d 554. We hold that this argument is not sufficient in view of the Supreme Court's holding in Bosem v. Bosem, Fla. 1973, 279 So.2d 863 where the Supreme Court in quashing this District Court of Appeal pointed out:
"First, the District Court found that the award of $100,000 in the form of lump sum alimony to Mrs. Bosem in addition to substantial periodic alimony represented an abuse of discretion on the part of the trial judge. We cannot agree. Fla. Stat. § 61.08, F.S.A. (1969), provides:
`In every judgment of divorce in an action by the wife, the court shall make such orders about maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given therefor, as from the circumstances of the parties and nature of the case is equitable... In any award of permanent alimony the court has jurisdiction to order periodic payments or payment in lump sum or both.'
"The trial judge had wide discretion, as trier of the facts, to determine what alimony arrangement would be most equitable. He had before him the financial statements of both parties, and the record of the parties' relationship." 279 So.2d 864.
In addition, the appellant urges that the trial court having awarded the appellee-wife the husband's interest in the former residence of the parties thereby exhausted the statutory provision for lump sum alimony and that the court could not thereafter grant an award which was in effect partial lump sum alimony. While the award of piecemeal alimony is certainly not the best practice, we know of no provision which makes such awards illegal. The partial lump sum alimony to the wife of the husband's interest in the former marital residence of the parties was justified in this case by the fact that the husband has, during the long and bitter litigation, absented himself from the State of Florida and has been almost continuously under orders holding him in contempt of court for his failure to pay temporary alimony and to obey orders to account.
Affirmed.