OTT, Judge.
This appeal is taken by appellant/wife from the trial court’s ORDER ON MOTION FOR CONTEMPT in post judgment of dissolution of marriage proceedings.
The parties were married in Germany in 1959 and separated in 1968 when the husband returned to the United States. The wife and three children remained in Germany — the wife’s native country.
In 1971 the parties entered into a separation agreement covering property matters (each to retain all property in their respective names except as otherwise provided in the agreement), alimony and child support. A final judgment of dissolution of marriage was entered on November 6, 1973 incorporating the agreement and ordering the parties’ compliance with its terms.
In April 1976 the appellee/husband secured a reduction of the alimony and child support payment to a fixed sum of $800 per month — $320 alimony and $480 child support for the two children living with the appellant in Germany. The third child was then with the appellee in the United States for apparently an indefinite period.
In September 1976 a hearing was held on appellant’s motion for an order of contempt against the appellee for failure to comply— although able — with the alimony and child support payments of the final judgment (the separation agreement provisions thereon) until its modification and thereafter the monthly payments called for in the modification order. At this hearing, the appel-lee’s income tax returns for the years in question — including 1975 — were placed in evidence along with the appellant’s testimony of the total payments actually made by appellee during these same years — again including 1975. While concluding that the appellee’s failure to pay was not willful and therefore not subject to contempt the court notified the parties that the arrearages since the original judgment of dissolution to date — including 1975 — were properly before the court for determination. The appellee conceded he had not paid the $85 monthly educational fund payments; that the appellant’s figures as to his actual payments were essentially correct; that the “gross income” was covered by his tax returns; and, that only two days before the hearing he had made the payments called for in the modification order.
During this hearing and at its conclusion the court indicated on the record its findings on all points subject to a showing that the definition of “gross income” under common law (the law governing interpretation of the separation agreement) was different than that normally given the term.
On December 1,1976 the court entered its ORDER ON MOTION FOR CONTEMPT by which it properly left open for determination by other proceedings of any “arrear-ages” under the agreement prior to the November 6, 1973 judgment of dissolution; assessed the arrearages from November 6, 1973 through the calendar year 1974; ruled it had no basis or evidence upon which to determine arrearage, if any, for 1975; and, found against the appellant on the educational fund payments, the dental charges for the children and the expenses of the appellant for travel to this country and her attorney’s fees.
*566 On motion for rehearing the trial court entered an order on January 3,1977 clarifying the December 1, 1976 order to make it clear the wife was not prejudiced “from raising the issue of 1975 arrearages in a later proceeding.”
We think, and so hold, that the court erred in the following particulars:
1. Failure to determine and assess the 1975 arrearages. The record reveals they were properly at issue and full evidence was presented thereon in the form of the 1975 tax return and the evidence by appellant of what had actually been paid that calendar year — -again not contradicted by appellee.
2. Failure to determine and assess the amount due and payable by appellee into the educational fund savings account. The appellee conceded and specifically admitted his failure to make the payments since May 1974. The separation agreement allows no other construction than that the $85 per month was payable into the savings account in appellant’s name subject only to its expenditure for the purposes and pursuant to the documentation set forth in the agreement.
In all other respects the order of the trial court is affirmed.
Remanded for determination of the up-to-date amounts due on the 1975 arrearag-es, if any; the up-to-date amount payable on the educational fund; the manner of payment that the lower court finds to be consistent with the appellee’s ability to pay; and, the entry of a supplemental or corrected order consistent with this opinion.
GRIMES, Acting C. J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.