KEHOE, Judge.
Appellant, respondent below, brings these consolidated appeals from a final judgment and amended final judgment dissolving her marriage with appellee, petitioner below. We affirm.
Appellant’s first point on appeal is that the trial court erred in determining appellee sustained his burden of proving residency in Florida for six months preceding the filing of his petition for dissolution of marriage and assuming subject matter jurisdiction of the cause.
Where a party questions the subject matter jurisdiction of the court proceeding with a cause, the court must carefully examine the question and make a determination of its jurisdiction. In the instant case, where the question of the subject matter jurisdiction of the court was raised, the trial court made a thorough examination of the question and specifically found as follows:
“Petitioner, Wilmer L. Swad, Sr., resided in Florida for six months before filing the petition in this cause. This Court has jurisdiction of the parties and of the subject matter of this action.”
Our review of the record shows that the trial court’s finding was properly supported by the evidence. With this in mind, we feel that the trial court’s finding cannot be set aside.
Appellant contends in her second point on appeal that the trial court erred in upholding the validity of a post-nuptial separation agreement entered into between the parties.
In this regard, the trial court found as follows:
*19 “The Separation Agreement between the parties dated August 9, 1974, which was introduced into evidence and which is attached to the Final Judgment dated May 2, 1977, was executed voluntarily after full disclosure and is for the best interest of the parties and is approved and incorporated in this Amended Final Judgment by reference and the parties are ordered to comply with it.”
Our review of the record shows that the trial court’s finding was supported by competent substantial evidence. Therefore, appellant’s second point on appeal is without merit. See, e. g., Shaw v. Shaw, 334 So.2d 13 (Fla.1976), and Koeppel v. Koeppel, 351 So.2d 766 (Fla.3d DCA 1977).
Based upon our determinations set forth above, the judgments appealed are affirmed.
Affirmed.