385 So.2d 1090 (1980)
Stanley BIRD, Appellant-Cross Appellee,
v.
Deborah BIRD, Appellee-Cross Appellant.
No. 79-775.
District Court of Appeal of Florida, Fourth District.
June 18, 1980.
Rehearing Denied July 25, 1980.
William (Dale) Anderson, Jr. of Anderson, Dungey & Hershey, Stuart, for appellant-cross appellee.
Alexander Myers of Christiansen, Jacknin & Myers, Palm Beach, for appellee-cross appellant.
DOWNEY, Judge.
The subject of this appeal is a final judgment rendered in a dissolution proceeding.
*1091 The parties were married some thirty years; they have no minor children and both parties were employed. As a result of their industry they acquired several parcels of real estate and other personal property, all through their joint efforts. At the time of dissolution the property in issue on this appeal was held jointly and was purchased with funds earned by the parties during the marriage, with the exception of $10,000 inherited by the wife and which, according to her testimony, was invested in the couple's Canadian property.
The husband received a $50,000 workman's compensation award, which he used to pay off some debts, buy some furniture, and, after the divorce commenced, to purchase a piece of property for his new home and business office. The husband owned and operated a taxi business in which the wife claimed a special equity by virtue of having spent considerable time working in the business. Predictably, the husband denigrated the amount and value of her assistance therein. However, that was for the trial judge to resolve and he did so.
In pertinent part the final judgment provided:
a. The Wife has a special equity in the business of STANLEY BIRD to-wit: Bird's Taxi. However, the Court hereby orders the Wife, DEBORAH BIRD, to convey all right, title and interest in said business to the Husband, STANLEY BIRD.
* * * * * *
c. The Court specifically finds that the Wife has a special equity in the three belowlisted properties pursuant to the testimony and evidence received in this case. The Court hereby awards the Wife any and all interest the Husband has in said property and awards this to the Wife as lump sum alimony. The three properties are: (descriptions omitted)
* * * * * *
10. That the Husband shall pay as contribution toward the Wife's attorney's fees the sum of $1,800.00 plus $170.73 costs. This sum shall be paid within ninety days.
In his two points on appeal the husband contends that the award of the aforementioned property to the wife, together with an attorney's fee, was error. By cross appeal the wife maintains that the court erred in failing to merge into the final judgment some of the mandates of previous interlocutory orders. The appellant has demonstrated no reversible error. We affirm the award of attorney's fees and find no merit in appellee's cross appeal.
Had this case been decided prior to the advent of the Supreme Court's decision in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the outcome would have been vastly different, as we would have had great difficulty in upholding all aspects of the final judgment. It appears the trial judge in his wisdom was ahead of his time, because in our view Canakaris has eliminated some of the strict limitations which the cases had imposed upon trial judges in dividing up property accumulated during the marriage.[1] As a backdrop for our decision here we should keep in mind the lessons of Canakaris:
The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial court, these remedies are interrelated; to the extent of their eventual use, the remedies are part of one overall scheme. It is extremely important that they also be reviewed by appellate courts as a whole, rather than independently. 382 So.2d at 1202.
* * * * * *

*1092 The term "special equity" should not be used when considering lump sum alimony; rather, it should be used only when analyzing a vested property interest of a spouse. See Ball v. Ball, 335 So.2d 5 (Fla. 1976); Eakin v. Eakin [99 So.2d 854 (Fla.)]; Heath v. Heath, [103 Fla. 1071, 138 So.2d 796].
In granting lump sum alimony, the trial court should be guided by all relevant circumstances to ensure "equity and justice between the parties." § 61.08, Fla. Stat. 382 So.2d at 1201.
* * * * * *
A judge may award lump sum alimony to ensure an equitable distribution of property acquired during the marriage, provided the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status. Brown v. Brown. In our opinion, the award of the marital home as lump sum alimony may be coupled with other lump sum alimony or permanent periodic alimony awards if justified by the evidence. The collective use of such alimony awards has been approved recently by this Court in McDonald v. McDonald, 368 So.2d 1283 (Fla. 1979), and by the Third District Court of Appeal. See Hyatt v. Hyatt, 315 So.2d 11 (Fla.3d DCA 1975); Vandervoort v. Vandervoort, 300 So.2d 694 (Fla.3d DCA 1974). 382 So.2d 1201.
In the case at bar the trial court found, and the record supports, that the wife had a special equity in the husband's taxi business. This interest was awarded to the husband. Next, the trial court awarded the husband's interest in three parcels of realty to the wife as lump sum alimony. The court found that the wife had a special equity in the three properties. In view of the facts of this case, we interpret that to mean the so-called special equity determined to justify an award of lump sum alimony. It is this use of the term "special equity", condemned in Canakaris which hopefully will eliminate confusion in the future. In any event, the record in this case supports an award of alimony to the wife. Furthermore, there is justification for the alimony to be in lump sum. The evidence showed that the husband had so conducted himself during these proceedings that terminating all relationship between the parties was in their best interests. The evidence warranted a finding that the husband had harassed the wife; had broken into her house; threatened her with a gun and actually fired at her on one occasion. Thus, we approve the form of the award of lump sum alimony.
The husband complains in his brief that the court awarded the wife property valued at $165,000 with a net equity of $90,000, leaving the husband with only his home, recently purchased with the funds from his compensation award. In the vernacular, the bottom line of what the wife received by way of lump sum alimony was the value of the husband's interest in the properties, less the $10,000 special equity the wife was entitled to from her Canadian inheritance which was used to purchase their first property in Canada, and less the value of her special equity in her husband's business, which the trial court required her to convey to the husband. Thus, while the exact figure is not available to us, we are in a position to determine that the amount of the award of lump sum alimony was not unreasonable but rather it "ensure[d] equity and justice between the parties." Canakaris, supra.
We also find no reversible error in the award of a partial attorney's fee for the wife or in the court's failure to include in the final judgment awards made in interlocutory orders.
For the foregoing reasons, we affirm the judgment appealed from in all respects.
AFFIRMED.
LETTS, C.J., and MOORE, J., concur.
NOTES
[1] For example, if Canakaris, supra, did not, Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), makes it clear that the prohibition against the trial court making "a property settlement" between the parties has been eliminated.