404 So.2d 1095 (1981)
Clara Mirochnik ROFFE, Appellant,
v.
Moises ROFFE, Appellee.
No. 80-2040.
District Court of Appeal of Florida, Third District.
October 6, 1981.
Rehearing Denied November 4, 1981.
Edward Schroll, Miami, for appellant.
Ana M. Vidal, Miami, for appellee.
*1096 Before BARKDULL, SCHWARTZ and FERGUSON, JJ.
SCHWARTZ, Judge.
We are presented with an appeal by the wife and a cross-appeal by the husband from various aspects of a final judgment of dissolution. For by far the most part, the challenged rulings embody a sound exercise of the trial court's discretion with which we may not interfere. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Rosen v. Rosen, 386 So.2d 1268, 1271 (Fla.3d DCA 1980), review denied, 392 So.2d 1378 (Fla. 1981); Blum v. Blum, 382 So.2d 52, 55 (Fla.3d DCA 1980); see Swad v. Swad, 363 So.2d 18 (Fla.3d DCA 1978). With one exception, the final judgment is properly affirmable without modification on this basis alone. Several of the points raised, however, merit discussion in some further detail.
The wife claims error in the court's award as lump sum alimony of her interest in a formerly-rent-producing residence, which at the time of the final judgment was being occupied by Mr. Roffe and their two minor children, whose custody he was granted. In the light of the fact that Mrs. Roffe was similarly granted the husband's interest in the marital home where she lived, the reciprocal lump sum awards represent an appropriate exercise of the trial court's power to fashion, by this device, an equitable distribution of the parties' property  in other words, to "make a property settlement agreement" for them  which we think has been granted by Canakaris v. Canakaris, supra, and Ingram v. Ingram, 379 So.2d 955, 956 (Fla. 1980); see Blum v. Blum, supra; Bird v. Bird, 385 So.2d 1090 (Fla.4th DCA 1980); Lewis v. Lewis, 383 So.2d 1143 (Fla.4th DCA 1980).[1]
The wife somewhat inconsistently also argues that the chancellor should have distributed the parties' interests in each of several other entireties properties between them, rather than, as he did, rendering them tenants in common of those parcels. She complains that the state of the title to these properties, together with Roffe's recalcitrant refusal to cooperate, has rendered it impossible to refinance the parcels so as to avoid impending foreclosure proceedings, a situation which would have been averted had the entire interest in the respective parcels been granted to one or the other. We cannot agree with this contention. While, as has been indicated, the trial court now has the authority to make such a redistribution of property titled in either or both spouses, it is surely not obliged to do so. The supposed difficulty facing Mrs. Roffe is one which may be expeditiously and properly obviated by partitioning the commonly held realty pursuant to Chapter 64, Florida Statutes (1979). While that was not possible below because of the absence of both pleading and proof which would have permitted such relief, see Covin v. Covin, 403 So.2d 490 (Fla.3d DCA 1981), and cases cited, our decision on this point is obviously without prejudice to the prompt filing and disposition of such a proceeding after remand.
Mrs. Roffe also disputes the award to her ex-husband of a "special equity" of a half interest in a lot in New Jersey titled in her name alone. The trial court based this determination on the undisputed fact that Mr. Roffe had made all the payments for the property. Invoking Ball v. Ball, 335 So.2d 5 (Fla. 1976) and its progeny, Mrs. Roffe argues that a special equity is unjustified on this ground because the payments were shown to have been made from the husband's earnings during coverture rather than a source "unconnected to the marital relationship." See Ball v. Ball, supra, at 335 So.2d 7, note 7. This principle of the Ball case has, however, no application to the present situation. Ball is explicitly confined to property titled by the entireties, see 335 So.2d at 8, note 11, and on the present issue indicates only that neither *1097 husband nor wife may obtain the other's half interest in such property because of efforts expended during the marriage. Accord, Duncan v. Duncan, 379 So.2d 949 (Fla. 1980).[2] Thus, this holding of Ball is properly viewed (with due regard for the benefit of hindsight) as a reflection and precursor of the notion of marriage as a financial as well as a sociological partnership which underlies the monumental later holding in Canakaris. See Colucci v. Colucci, 392 So.2d 577 (Fla.3d DCA 1980). Those same considerations completely support, rather than militate against the chancellor's holding with respect to the New Jersey property held by the wife alone. It seems clear to us that Mr. Roffe's payment of all the consideration fully justifies  if, indeed, it does not require  the imposition of a special equity of half of the property in question, so that he and his wife would indeed be partners with respect to that marriage-acquired parcel. See also, Scheidl v. Scheidl, 343 So.2d 963 (Fla.1st DCA 1977); Wollman v. Wollman, 235 So.2d 315 (Fla.3d DCA 1970); cf. Duncan v. Duncan, supra.
Moreover, even if a "special equity" is not technically permissible, it is apparent that the trial court justifiably felt that the award to the husband of half of the New Jersey lot was equitably appropriate under all the circumstances. The provision would therefore undoubtedly be upheld if it had been referred to as one of lump sum alimony. See Duncan v. Duncan, supra. Since this is true, there is no purpose to be served by returning the case to the trial court merely for a change in nomenclature. McCall v. McCall, 386 So.2d 275 (Fla.2d DCA 1980). Hence, this aspect of the judgment is sustained on this alternative ground as well.
Both sides challenge the provision for the wife of $300 per week for five years in rehabilitative alimony. We reject the husband's contention that the amount is excessive. Canakaris v. Canakaris, supra. A majority of the court likewise finds no error or abuse of discretion, as Mrs. Roffe contends, in the failure to award permanent alimony.[3] Hence, the periodic alimony award is approved in its entirety.
We find merit only in the wife's final contention. At the time of the trial, Mr. Roffe was clearly in default, to the tune of an amount in excess of $25,000, of unmodified temporary orders requiring him to make alimony, support, and mortgage and tax payments on the jointly held properties. Nonetheless, apparently on the ground that "the Husband ... is unable to pay on this undetermined amount," the lower court adjudicated only $3,791.30 in arrearages which was ordered satisfied by Roffe's share of an escrowed fund of rentals from one of the parcels. The failure to enter judgment for the entire amount due was error. By virtue of the husband's failure to make the required payments, Mrs. Roffe acquired a vested property right in the arrearages, which the court was required to adjudicate. Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205 (1938); Gottesman v. Gottesman, 202 So.2d 775 (Fla.3d DCA 1967), cert. denied, 209 So.2d 671 (Fla. 1968); Thomas v. Thomas, 352 So.2d 564 (Fla.2d DCA 1977); Smithwick v. Smithwick, 343 So.2d 945 (Fla.3d DCA 1977); Feder v. Feder, 291 So.2d 641 (Fla.3d DCA 1974). Accordingly, the trial court is directed, after remand, to determine the amount of arrearages and to enter an additional judgment accordingly.
Affirmed and remanded with directions.
NOTES
[1] We reject the argument that Roffe's pleadings do not support the granting of such relief. See, Caidin v. Caidin, 367 So.2d 248 (Fla.3d DCA 1979), cert. denied, 381 So.2d 765 (Fla. 1980).
[2] Each of the cases which has followed Ball on the "connected source" point likewise concerns entireties property. E.g., Smith v. Smith, 378 So.2d 11, 18 (Fla.3d DCA 1979), cert. denied, 388 So.2d 1118 (Fla. 1980); Fiedler v. Fiedler, 375 So.2d 1119, 1120 (Fla.2d DCA 1979), cert. denied, 383 So.2d 1193 (Fla. 1980).
[3] The author of this opinion dissents from this conclusion. On the authority of Foss v. Foss, 392 So.2d 606 (Fla.3d DCA 1981); Colucci v. Colucci, supra, and many similar decisions, he would order that the alimony provision be made a permanent one.