WIGGINTON, Judge.
The husband appeals a final judgment of dissolution awarding the wife rehabilitative alimony; a “special equity” in the husband’s business; payment by the husband of all outstanding hospital and doctor bills incurred by the wife through the date of the final hearing; a 1977 Toyota Corolla purchased during the marriage but titled in the husband’s name; and payment by the husband of the wife’s attorney’s fees.
The parties to this dissolution action were married for approximately seven months before the husband decided that the marriage was irretrievably broken, and filed for dissolution. Prior to the marriage, the wife, at the husband’s request, closed down her own business and transferred some equipment to the husband’s business; she was unemployed for most of the marriage. At the time of the dissolution, the husband owned a paint and body shop, several vehicles, a $6,000 boat, a $17,000 business account, and a $14,000 secured account. In comparison, the wife had $7,000 in a savings account, a 1975 Volkswagen in need of repair, no business, and a son (by a previous marriage) to support.
We affirm the final judgment in all respects. A careful review of the record assures us that the husband had sufficient notice as to the wife’s claim for the Toyota Corolla and for payment of the medical bills. Specifically, the award of the Toyota assures an equitable and just distribution of property acquired during the marriage, and being in the nature of lump sum alimony, was proper. Duncan v. Duncan, 379 So.2d 949, 952 (Fla.1980); Bird v. Bird, 385 So.2d 1090, 1091 n. 1 (Fla. 4th DCA 1980). Moreover, the wife sufficiently demonstrated her need and the husband’s financial ability to pay the award of rehabilitative alimony and attorney’s fees. The husband has failed to show the trial court abused its discretion.
BOOTH and NIMMONS, JJ., concur.