438 So.2d 1068 (1983)
Homer T. MAAS, Appellant,
v.
Sandra Ann MAAS, Appellee.
No. 83-105.
District Court of Appeal of Florida, Second District.
October 19, 1983.
*1069 Donald T. Franke, Naples, for appellant.
Tom Grogan, Naples, for appellee.
RYDER, Judge.
Homer T. Maas appeals from an order terminating his obligation to pay rehabilitative alimony prospectively from the date he filed his motion to terminate that alimony, and requiring him to pay rehabilitative alimony arrearages to his former spouse. We affirm.
The Maas' were married on May 28, 1960. They lived together until either September or October 1980. There were two children born of the marriage, and a son was still a minor (although soon to be emancipated) at the time the petition for dissolution of marriage was filed. Mr. Maas filed the petition on October 17, 1980, seeking only a dissolution of marriage and any appropriate relief deemed by the court to be proper. Mrs. Maas filed a counter-petition for dissolution in which she stated the parties had acquired personal property during the course of the marriage and had already divided that property equally. She requested that the parties' debts and obligations acquired during the marriage be borne fully by Mr. Maas. She also requested that she be awarded both temporary and permanent alimony because of insufficient funds to provide for her own needs and her husband was capable of providing such support. Lastly, Mrs. Maas requested joint custody of the minor son.
The final hearing upon the petition and counter-petition was held on April 8, 1981. The court subsequently entered a final judgment, the contents of which the parties had agreed upon. In the final judgment, the trial court granted Mr. Maas custody of the minor son. The court ordered Mr. Maas to pay Mrs. Maas "$150.00 per week for 104 weeks commencing April 17, 1981 as rehabilitative alimony." The final judgment did not speak of any condition which could cause termination of rehabilitative alimony during the 104-week period. No other type of alimony was awarded Mrs. Maas. Lastly, the court noted that matters pertaining to the property rights of the parties had been amicably settled by an equal division of the personal property.
On May 1, 1981, approximately three weeks after the hearing, Mrs. Maas remarried. Thereafter, Mr. Maas discontinued payment of rehabilitative alimony without *1070 first seeking a court order. On January 18, 1982, Mrs. Maas moved the court to declare Mr. Maas in contempt for failure to pay the rehabilitative alimony that was required in the final judgment. Mr. Maas responded on May 28, 1982, by filing a motion to terminate his obligation to pay rehabilitative alimony alleging that his former wife had remarried and had "immediately upgraded herself economically to the point where rehabilitation was no longer needed." Mr. Maas attached an affidavit thereto alleging that his former wife no longer had need for rehabilitative alimony because she had improved her job status from a clerk in a florist shop to a medical receptionist; that she had ownership, control, or possession of a new automobile; and that she had also gained an equity interest in a home which was shared with her new husband. A copy of a warranty deed reflecting his former wife and her new husband as owners of the home was also attached to the motion.
After a hearing on the parties' motions, the court entered an order granting Mr. Maas' motion to terminate rehabilitative alimony and setting the effective date of that termination as May 27, 1982, the date Mr. Maas filed the motion to terminate alimony. The court in its order required Mr. Maas to pay the $7,575.00 owed in arrearages, payable $150.00 per week until the entire amount had been discharged. It is from this order that Mr. Maas appeals.
Mr. Maas contends that he is entitled to retroactive relief of his obligation effective as of the date of the remarriage upon the finding by the trial court that his former spouse is no longer in need of rehabilitative alimony under the circumstances. We disagree with that contention.
We first point out that this is not a case where the parties agreed at the time the final judgment was entered that the rehabilitative alimony payments would automatically terminate upon remarriage of the wife. See Friedman v. Schneider, 52 So.2d 420, 421 (Fla. 1951). Rather, this case involves facts which must be examined in light of our decision in Frye v. Frye, 385 So.2d 1383 (Fla. 2d DCA 1980), since our legislature still has not addressed this issue.
In Frye, this court distinguished between the purposes behind the granting of permanent and rehabilitative alimony and held a trial court must not automatically terminate rehabilitative alimony upon remarriage of the spouse receiving that alimony. Id. at 1389. Cf. Kissinger v. Mason, 436 So.2d 1049 (Fla. 1st DCA 1983). We continue to adhere to our position in Frye wherein our learned colleague, Judge Campbell, so carefully explained:
[S]ince rehabilitative alimony is paid for a specific purpose not necessarily related to the recipient spouse's remarriage, it would seem to follow that it should not necessarily be terminated upon remarriage.
.....
The ultimate purpose of rehabilitative alimony is rehabilitation, and the question upon the recipient's remarriage should be whether that event alone has served the rehabilitative purpose.
.....
However, this opinion does not preclude a spouse who is paying rehabilitative alimony from pleading and proving that a remarriage or other changed circumstances of the recipient spouse has eliminated or altered the need for further rehabilitative alimony. Once any such evidence other than the mere remarriage has been presented, the burden of proof of continued need should shift to the recipient spouse since the evidence as to the recipient spouse's economic circumstances or those of the newly acquired spouse is peculiarly within his or her knowledge and may not be readily available to the payor spouse.
Id. at 1389-90. Specifically, the Frye court upheld the trial court's refusal to disturb the original judgment because it found that the payor spouse had failed to plead and prove any changes in the payee spouse's circumstances other than the "mere fact of her remarriage." Id.
*1071 We note the effect of Frye is to place a petition to terminate rehabilitative alimony because of remarriage of the payee spouse in the same position as a petition to modify alimony pursuant to section 61.14, Florida Statutes (1981). This is because the trial court is required in both situations to consider "changed circumstances" before disturbing an existing order. Frye at 1390; § 61.14(1). Thus, a payor spouse seeking to terminate rehabilitative alimony because of the remarriage of his former spouse must file a petition in accordance with the provisions of section 61.14. In this case, Mr. Maas filed a sufficient petition, and we are of the view that the record reveals a sufficient basis to support the trial court's order terminating Mr. Maas' obligation to pay future rehabilitative alimony.
Next, we address whether the trial court, after finding Mrs. Maas to be rehabilitated under the circumstances, erred in giving the order only a prospective effect and requiring Mr. Maas to pay the arrearages. The Frye court was not presented with this issue; however, for the following reasons, we hold the trial court ruled correctly that Mr. Maas was not entitled to any retroactive relief for the period prior to the time he filed his motion.
First, as stated previously, the final judgment does not provide for automatic termination prior to the end of the payment period. Friedman at 421. Such a provision allows a payor spouse to end payments immediately upon the occurrence of the agreed upon event because the parties contemplated such a result, and, thus, they and the court would already have notice that the obligation was to end. Second, Mr. Maas did not plead and attempt to show that Mrs. Maas fraudulently concealed the fact of her remarriage to prevent the filing of a petition to terminate the alimony. Such a showing by payor spouse might entitle him to retroactive relief under general equity principles. Therefore, the outcome of this case must turn upon the law applicable when these two factors are not present.
In Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205 (1938), the supreme court interpreted the then applicable statutory provisions regarding modifications of alimony (which is very similar to section 61.14) and held:
[W]here past-due installment payments of alimony under a valid judicial decree remain unpaid, they do constitute vested property rights of which the party cannot be deprived except by due process of law. [Citations omitted.]
The statute operates prospectively to authorize modifications of alimony decrees as to future payments from the date of application, to the extent authorized by valid provisions in the statute [or as authorized by Frye], even though the court had not expressly reserved authority to change or modify a decree when it was rendered.
182 So. at 208. See Bernst v. Cotter, 256 So.2d 529 (Fla. 4th DCA 1972). See generally Annot., 48 A.L.R.2d 270, 291-93, 525 (1956). Cases decided since the inclusion of rehabilitative alimony in the dissolution of marriage statute have continued to apply this principle. See Thomas v. Thomas, 352 So.2d 564 (Fla. 2d DCA 1977); e.g., Roffe v. Roffe, 404 So.2d 1095 (Fla. 3d DCA 1981). Thus, we hold a payor spouse will be required to pay any arrearages due until the time an appropriate petition is filed. This is so even though a trial court should, after a petition is properly filed, eventually determine that the circumstances surrounding a payee spouse's remarriage support the termination of rehabilitative alimony. Clearly, our holding promotes the efficient administration of justice and prevents resort to potentially disruptive self-help means in an attempt to otherwise extinguish an existing court-ordered obligation to pay alimony.
Accordingly, the trial court committed no error in making the order terminating Mr. Maas' obligation prospective from the date he filed his petition and in requiring him to pay the arrearages due his former spouse.
AFFIRMED.
HOBSON, A.C.J., and GRIMES, J., concur.