WIGGINTON, Judge.
This is an appeal from the final judgment of dissolution of marriage awarding to the wife both periodic and lump sum alimony. The husband raises three points for our consideration. With the exception of our striking two provisions, we affirm the final judgment in its entirety.
The parties resided together as husband and wife for thirty-one years prior to their separation. Four children were born of the marriage, and at the time of dissolution all had reached the age of majority. They continued to reside in the marital home at the invitation of their parents, though employed or attending college.
The marital home is a mansion located on the St. Johns River in Jacksonville, Florida, having an appraised value of approximately $500,000 and a mortgage debt of $60,000. Other than the home and furnishings, the parties’ only jointly held asset was an adjacent vacant lot, valued at between $45,000 and $50,000.
The husband, fifty-two years of age at the time of dissolution, is a diagnostic radiologist with a yearly income from his professional association (P.A.) of approximately $255,000. In addition, by the time of the dissolution proceedings, the husband had a vested interest to an accumulated $470,000 in the P.A.’s pension and profit sharing plan should he determine to retire.
The wife was fifty-five years of age and-had not worked outside the home since the husband began his Jacksonville medical practice in 1963. Instead, she became active in various civic organizations, her predominant involvement being with the prestigious Jacksonville Garden Club, in which organization she gained the office of presi *510 dent. During the marriage, the wife suffered from cancer, requiring extensive surgery. In addition, she suffered various ailments which prevented her from engaging in strenuous activity of any kind. It was undisputed at the hearing that the wife was unemployable and had no independent income source.
By its final judgment, the trial court awarded to the wife $4,000 per month permanent periodic alimony, $300,000 lump sum alimony payable in $2,500 monthly installments, and the marital home. The court restricted the husband’s sale or encumbrance of his solely owned stock interest in the P.A. and his interest in the P.A. pension and profit sharing plan without the consent of the wife or the court, and ordered the husband to maintain life insurance policies of $100,000 and $200,000, the wife to be the irrevocable beneficiary, during the time he is required to pay permanent periodic alimony. The court also ordered the husband to provide an automobile equal to the wife’s Datsun 280Z-X, and payment of the wife’s attorney’s fees and costs. On appeal, the husband challenges the lump sum awards of the marital home and $300,000, the restrictions placed on his interests in the P.A. stock and pension and profit sharing plan, and the life insurance provision. He also argues that the trial court erred in permitting evidence of the husband’s adultery to become the feature of the hearing.
In regard to the lump sum awards of the marital home and $300,000, we hold that the trial court did not abuse its discretion. The record justifies the awards as necessary to meet the wife’s support needs. Stelk v. Stelk, 442 So.2d 351 (Pla. 1st DCA 1983); Lynch v. Lynch, 437 So.2d 234, 235 (Fla. 5th DCA 1983). The evidence of the parties’ respective financial situations certainly indicates the wife’s need and the husband’s ability to pay. That portion of the final judgment is affirmed.
However, we find the portion of the final judgment in paragraph 3, prohibiting the husband from selling, encumbering or otherwise disposing of his stock interest in the P.A. and his interest in the pension and profit sharing plan, without the wife’s or the court’s approval, to be unduly restrictive and an abuse of the trial court’s discretion. We therefore strike that provision from the judgment. But cf. Clarke v. Clarke, 443 So.2d 486 (Fla. 2d DCA 1984), and cases cited therein, for the proposition that a trial court may deem a spouse’s vested interest in a pension and profit sharing plan as an asset to be taken into consideration when fashioning a dissolution plan.
We also strike the provision in paragraph 8 requiring the husband to maintain the two life insurance policies for the wife’s benefit. Normally a husband’s common law obligation to support his wife ceases upon his death, and there is nothing in this record which justifies an award of alimony after death. Watterson v. Watterson, 353 So.2d 1185, 1189 (Fla. 1st DCA 1978); but cf. Noe v. Noe, 431 So.2d 657 (Fla. 2d DCA 1983).
Finally, we disagree with the husband’s contention that the trial court’s consideration of evidence of the husband’s extramarital involvement with another woman was the basis for the court’s alleged “punitive and unfair treatment” of the husband’s personal and property rights. At no time did the court’s admitting evidence on the adultery issue transcend the bounds established by the supreme court in Williamson v. Williamson, 367 So.2d 1016 (Fla.1979). Nor has the husband shown that the trial court’s alimony awards are punitive due to the evidence of the husband’s infidelity. Indeed, we hold that the awards are not punitive to any extent.
AFFIRMED, with the exception that the provisions in paragraph 3 regarding the husband’s ability to “sell, encumber or otherwise dispose of his stock interest” in the professional association and the pension and profit sharing plan without the consent of the wife or the court, and in paragraph 8 regarding the husband’s obligation to maintain the life insurance policies of $100,000 *511 and $200,000 with the wife as beneficiary are hereby STRICKEN.
SMITH, L., and WENTWORTH, JJ., concur.