MILLS, Judge.
Sandra Miller appeals from a final judgment granting her petition for dissolution of marriage on the ground that the trial court abused its discretion in its distribution of the marital assets. We affirm.
Sandra and George were married in August of 1966 prior to George’s third year of law school, during which Sandra’s teaching career provided the couple’s primary support. George began practicing law in De-Funiak Springs in 1968 and Sandra stayed at home with the couple’s two children until her return to teaching in 1979. She possesses a master’s degree in her field earned during the marriage.
The marriage gradually deteriorated over the years and culminated in a separation in December of 1983. During the marriage, the couple acquired a good deal of real and personal property, including the $250,000 marital home which at the time of the final judgment had an equity of $136,-000. The couple’s 1983 joint tax return indicated a net income of $88,000; in the first six months of 1984, George netted $101,000 in attorney’s fees. It was also established that although she was on a leave of absence due to emotional difficulties associated with the divorce, the local school board was obligated to rehire Sandra at a gross salary of $1,600 per month, with annual increases of $250 plus the usual cost-of-living increases.
The final judgment awarded Sandra $500 per month per child until each reaches 18, with medical insurance and life insurance of at least $48,000; permanent periodic alimony of $1,000 per month until death or remarriage; rehabilitative alimony of $1,000 per month for a maximum of 12 months; a lump sum award of $25,000, payable at $500 per month at 12 percent per annum; George’s interest in the marital home with responsibility for the $1,200 per month mortgage payment; and George’s interest in some lake property valued at $11,333. George received Sandra’s interest in his jointly-held law office and was declared owner of all real property then titled to him or to corporations in which he owned stock. Sandra also received exclusive title to her car with George to pay the $5,000 balance and exclusive ownership of all personal property in or at the marital home.
Sandra alleges that she has been shortchanged based on the trial court’s award to George of sole interest in a corporation which owns 25 percent of a 20-acre parcel of land with 400 feet on the Gulf of Mexico. George, in turn, owns 40 percent of the corporation, giving him a 10 percent interest in the parcel. The value of that interest was claimed by George in his financial affidavit to be $300,000. Sandra challenges this valuation of the property, claiming that it has resulted in an assignment to her of an artificially low share of the marital assets. She first argues that through a series of “under the table” machinations, George has managed to conceal a true interest in the property of 50 percent. Alternatively, she suggests that the property itself is undervalued, making George’s 10 percent share worth $550,000. She claims entitlement to a half-interest in the property-
Shortchanged, in the context of domestic relations law, is another way of saying that the trial court acted unreasonably and abused its discretion in making an award. Marcoux v. Marcoux, 464 So.2d 542, 544 (Fla.1985). In reviewing the reasonableness of an award, the appellate court must take the facts most favorably to the prevailing party, here George. Walter v. Walter, 464 So.2d 538, 540 (Fla.1985). If there is competent, substantial evidence in the record to support the award, there is logic and justification for it and it is unlikely that no reasonable person would adopt the view taken by the trial court. Marcoux. Under these circumstances, there is no abuse of discretion and the award must be affirmed. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
There is competent substantial evidence to support the division of property effected by the trial court, including the disputed parcel. Sandra’s total award of property, real and personal, is approximately $228,- *194 000. George’s, before addition of the disputed property, is $83,000. Although the evidence was conflicting on the true extent of George’s interest in and the actual dollar value of the parcel, the trial court obviously resolved the conflicts in George’s favor and we cannot reweigh the facts to arrive at a different result. Walter. There was also unrebutted evidence that any developmental value assigned to the property would be speculative, given the applicability to it of state and federal protective legislation and the presence thereon of an endangered species.
Based on the foregoing, we find that there was no abuse of discretion in the trial court’s distribution of the marital property, including the disputed parcel. Sandra also makes the bare assertion, unsupported by argument or citation, that George should be required to make the $1,200 per month mortgage payment on the marital home which she was awarded. Review of the record reveals no abuse of discretion in the trial court’s action on this matter. Each party shall bear his own attorney’s fees.
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.