486 So.2d 1363 (1986)
Henry George CARRISON, Appellant,
v.
Betty Cashen CARRISON, Appellee.
No. BE-13, BE-75.
District Court of Appeal of Florida, First District.
April 3, 1986.
Rehearing Denied May 8, 1986.
*1364 William L. Durden and Stephen M. Durden of Kent, Watts & Durden, Jacksonville, and Larry Smith, Orange Park, for appellant.
Albert Datz of Datz, Jacobson & Lembcke, Jacksonville, for appellee.
SMITH, Judge.
Appellant Henry George Carrison (husband) appeals various aspects of the trial court's amended final judgment of dissolution. Appellee Betty Cashen Carrison *1365 (wife) cross-appeals the extent of the trial court's distribution of marital assets to her. We affirm.
The parties were married in 1952. Both brought children from previous marriages into their new marriage; one child was born during the marriage. There was conflicting testimony at the dissolution hearing regarding the wife's relationship with the stepchildren and other aspects of the marriage.
At the time of marriage, the husband was a part-owner in an investment consulting firm known as Pierce and Carrison. In 1962, he sold his ownership share in this investment firm for approximately $320,000. That same year, he purchased an ownership interest in another investment firm, Goodbody and Company, from which he recouped the full extent of his capital contributions in 1966. The husband subsequently purchased properties in New Smyrna Beach and Daytona Beach. Eventually, these properties were sold for approximately $2.2 million. The proceeds from these sales were then used to purchase apartment units in Macon, Georgia, which the husband converted into condominiums, a farm-plantation in South Carolina known as "Woodville II," and a Winn-Dixie Supermarket in Jacksonville. The Winn-Dixie Supermarket was worth $1.2 million, and generated a yearly rental income of $120,000; the Woodville plantation property was worth $600,000, and the Macon condominiums were worth $250,000. Ownership of these properties were transferred by the husband to a trust, created by the husband, known as the H. George Carrison Revocable Trust. The husband designated himself as trustee of this trust during his lifetime, with his daughter Jane to become trustee upon his death.
The parties began to experience marital difficulties in 1958, culminating in their physical separation to different bedrooms sometime between 1966 and 1969. In 1968, the wife began a teaching job, which later culminated in her appointment as administrator of the school at which she taught. The wife continued this employment until 1983, when she reached age 65. The wife's yearly salary from this job ranged between $7,000 and $18,000. During this 15-year time period, she accumulated approximately $130,000 in a separate account, out of which she paid various travel and other expenses incurred by her. The wife admitted that she did not spend any of her earnings from this teaching job on household expenses; she further admitted that she had never had any joint checking or savings accounts with the husband at any time during the marriage.
In his final judgment of dissolution, the trial court found as a matter of fact that, subsequent to 1967 or 1968, the parties "maintained a marriage in name only." The court also found that the wife did not contribute any of her earnings from 1968 through 1983 to payment of household expenses, and that the husband's assets generated by the date of the hearing had been produced by investments made after the parties physically separated into different bedrooms. The final judgment required the husband to pay the wife $2,500 per month permanent periodic alimony, as well as $250,000 lump sum alimony, payable within 18 months of the date of the final judgment, secured by a lien placed on the husband's remaining assets. The court also granted the wife, free and clear of the husband's asserted interest, the marital residence. Finally, the court reserved jurisdiction for the award of attorney's fees.
Subsequently, the wife filed a motion for rehearing to alter or amend the final judgment, alleging that she had been "short-changed" by the extent of the trial court's award of assets to her. The wife also requested that, in lieu of awarding permanent periodic alimony, the trial court award her a life estate in a one-quarter interest in the Winn-Dixie lease arrangement. In response to this motion, the trial court vacated the paragraph of the final judgment of dissolution concerning permanent periodic alimony, and substituted a paragraph awarding the wife a life estate in the income from the Winn-Dixie lease. Specifically, the trial court ordered the husband to *1366 amend the trust instrument to provide that the wife would become an irrevocable beneficiary of a one-quarter interest in the Winn-Dixie lease income.
The husband initially challenges the trial court's $250,000 lump sum award, urging three bases for reversal. First, he contends that the ultimate source of funds for all assets accumulated during the marriage was his ownership interest in Pierce and Carrison which, according to the husband, rendered these assets non-marital and hence not subject to equitable distribution. Second, he contends that the trial court's award was not justified by the circumstances of the parties, including the extent of the wife's assets and her alleged non-contribution to the marital partnership. Finally, the husband asserts, the $250,000 award would jeopardize his financial status by requiring him to sell certain assets, thereby creating a $400,000 federal income tax liability.
The wife cross-appeals the extent of the award, alleging that the court "short-changed" her by awarding her only 34% of the total available assets. The wife claims that the trial court's statement in the final judgment of dissolution that the parties' marriage existed "in name only" after 1968 prevented him from considering assets accumulated subsequent to that date as marital assets, and that this was the source of the court's "meager" award.
Contrary to both parties' assertions, we find no abuse of discretion by the trial court on this issue. In alleging that the trial court erred in awarding the wife a $250,000 lump sum payment, the parties are both contending that they were "short-changed," which
... in the context of domestic relations law, is another way of saying that the trial court acted unreasonably and abused its discretion ... [However,] if there is competent, substantial evidence in the record to support the award, there is logic and justification for it and it is unlikely that no reasonable person would adopt the view taken by the trial court. Under these circumstances, there is no abuse of discretion and the award must be affirmed. (citations omitted).
Miller v. Miller, 480 So.2d 192, 193 (Fla. 1st DCA 1985). Examining the arguments of the husband in light of this standard, we find that the correctness of the trial court's decision depends entirely upon that court's view of the trial testimony concerning the source of funds from which assets were purchased, the tax implications of the sale of certain assets awarded the husband in order to pay the $250,000 award to the wife, and the extent of the wife's contribution to the marital partnership during the marriage. Since evidence exists in the record supporting the trial court's view, we affirm his exercise of discretion. Bean v. Thibault, 455 So.2d 508, 510 (Fla. 1st DCA 1984), pet. for rev. den., 462 So.2d 1106 (Fla. 1984).
As to the wife's point on cross-appeal, we view the trial court's statement in the final judgment that the parties' marriage existed "in name only" after 1968 as nothing more than an observation descriptive of the parties' relationship, rather than a finding of ultimate fact from which he concluded that the wife's entitlement to an equitable distribution of assets accumulated during the marriage ceased post-1968. In any event, we conclude that the trial court's award to the wife reflects a proper exercise of discretion. See Walter v. Walter, 464 So.2d 538, 542 (Fla. 1985) (distribution which approximates a spouse's prior lifestyle should be affirmed).
We likewise find no error in the trial court's decisions awarding the wife the husband's interest in the marital residence, awarding her a diamond cross and matching earring set received from the husband's mother, and in granting the wife's request for an award of attorney's fees and costs. The trial court's decision as to the marital residence was a reasonable exercise of the court's discretion in fashioning an overall equitable distribution *1367 of the marital properties. Fell v. Fell, 421 So.2d 790 (Fla. 1st DCA 1982); Murphy v. Murphy, 475 So.2d 1253, 1255 (Fla. 5th DCA 1985). Similarly, given the substantially disparate financial positions of the parties, we discern no error in the trial court's decision to award the wife attorney's fees and costs, Kissinger v. Mason, 436 So.2d 1049, 1051 (Fla. 1st DCA 1983). Finally, the court's decision to award the contested jewelry to the wife is supported by the wife's uncontradicted testimony that this jewelry was a gift to her from the husband's mother.
The husband next argues that the trial court erred in placing a lien upon all assets in the H. George Carrison Revocable Trust for the stated purpose of securing his payment of the court's $250,000 lump sum award to the wife.[1] The husband argues that prior case law indicates that such a lien is proper only where the record contains evidence of an intent on the encumbered spouse's part to be uncooperative or to convey away or conceal assets. Kennedy v. Kennedy, 464 So.2d 1289 (Fla. 1st DCA 1985); White v. White, 429 So.2d 730 (Fla. 1st DCA 1983). However, the trial court had before him a number of peculiar facts: First, the primary marital assets of the parties were contained in the H. George Carrison Revocable Trust; as a result, no significant assets would have existed in the husband's estate upon his death from which the wife could attempt to secure payment of her $250,000 award. Second, the husband was of advanced years at the time of the final judgment of dissolution. Third, the trial court granted the husband 18 months within which to "pay off" the award to the wife, a circumstance in itself tending to justify concern for the protection of the wife's interests. In such circumstances, we hold that the trial court did not err as a matter of law in securing the wife's award through the use of the lien mechanism. Cf. section 61.08(3), Florida Statutes, effective January 1, 1985, allowing a trial court, to the extent necessary to protect an award of alimony, to secure the alimony with "other assets suitable to the purpose."
Finally, we reject the husband's challenge to the trial court's decision to grant the wife's motion to amend the final judgment so as to award her a life estate in the rental income from the Winn-Dixie lease, and requiring the husband to name the wife an irrevocable beneficiary of the H. George Carrison Revocable Trust. The husband contends that, since the value of the monthly income from the Winn-Dixie lease was the same as the amount of monthly permanent periodic alimony initially awarded by the trial court to the wife, $2,500, the court's action was a subterfuge for avoiding the prohibition found in Florida case law against requiring the payment of alimony after a spouse's death. See, e.g., Bean v. Thibault, supra. The husband relies on the fact that the wife's motion for rehearing expressly recites the desire to secure the permanent periodic alimony award as the basis for her motion as proof that, in fact, the trial court's decision to grant the motion was based on an improper goal. However, we do not read the trial court's decision as motivated by an intent to saddle the husband's future estate with permanent alimony payments in perpetuity. Indeed, the court's order amending the final judgment of dissolution states that the court's action on rehearing "more nearly coincid[ed] with the court's [original] intention" concerning its attempt to equitably distribute the marital assets. Accordingly, the judgment appealed from is
AFFIRMED.
BOOTH, C.J., and WENTWORTH, J., concur.
NOTES
[1] Although not a party to this appeal, the H. George Carrison Revocable Trust was made a party in the proceedings below.