PER CURIAM.
The parties to this appeal were married in 1962. At that time neither party had any appreciable assets. They conceived the idea of commencing a development motivation program, which over the years became immensely successful, financially earning as much as $800,000 plus in the years immediately preceding the parties’ separation. Both parties, through their efforts, developed this successful business which was conducted under an umbrella corporation known as Wayshowers, Inc. This corporation paid both the parties’ living expenses, which permitted them an expensive life style and also permitted them to purchase some twenty-six real properties throughout the world which were titled in the parties’ individual names. At the time of the proceedings in the trial court these properties had an equity value of at least $2,300,000. In the final judgment of dissolution of marriage, the trial court made the following findings of fact and adjudications:
******
“5. Immediately preceding and during their marriage, Mary Coll and Francisco Coll developed and established a business called American Leadership College, Inc. Each of the parties contributed on a 50-50 basis to the creation and development of the business.
6. The Wife, Mary Annette Coll, wrote all the books, pamphlets, programs, etc., and attended to the administration of the business. The Husband, Francisco Coll, attended to the spiritualistic aspects of the business and performed most of the public speaking engagements. Between the years 1968 and 1977, the yearly income of the Colls amounted to approximately $750,000. During this time period, the parties also acquired equities in their jointly owned properties, both in and outside the United States, the equity in which amounts to approximately $2.1 to $2.7 million dollars. Thereafter, there was a decline in the business income due to Francisco Coil’s failure to keep up with his duties and responsibilities in the business.
7. The joint properties owned by Petitioner and Respondent are located in: New Braunfels, Texas; Freedom, California; Salsibury, Pennsylvania; Washington, D.C.; Santurce and Guaynabo, Puerto Rico; Altamonte Springs, Florida; Miami Lakes, Florida; Pugwash, Nova Scotia; Warrenton, Virginia and Osceola, Iowa (including 624 North Main Street, Osceola, Iowa; 431 N. Main Street, Osceola, Iowa; 216 South Fillmore, Osceola, Iowa; 40 acre farm at Route 5, Box 10, Osceola, Iowa; 85 acre farm, Route 5, Box 10, Osceola, Iowa and hotel at 702 North Main Street, Osceola, Iowa). Additionally, Respondent owns a 4,000-acre parcel in Australia, the value of which has not been disclosed.
******
10. Petitioner was forced to use inheritance money approximating $12,000 to $15,000 which she received from her fa *1142 ther as a basis of support. Petitioner also made numerous efforts to obtain employment, though unsuccessful. Respondent, on the other hand, is currently employed by the American Leadership College. He is also receiving all of the rents on the properties jointly owned by Petitioner and Respondent.
11. Both Mary Coll and Francisco Coll have provided the Court with sufficient evidence as to the current value of their respective assets, including the real property which they jointly own both within and without the United States.
12. The evidence has established that numerous of the properties owned by Petitioner and Respondent are only used periodically, if at all, each year. Among such properties is the Altamonte Springs house located at 809 Underoaks Drive, Altamonte Springs, Florida 32701, and is more fully described as follows:
Lot 12, less the West 11 feet thereof, UNDEROAKS SUBDIVISION, according to the Plat thereof as recorded in Plat Book 14, Page 98 of the Public
Records of Seminole County, Florida. The facts have established that this property is not essential to Francisco Coil’s current business. This house is only used once or twice a year, if that, to hold seminars. The number of persons in attendance at these seminars are generally 12 or less. Therefore, these seminars could easily be held at another location for little or no expense.

Conclusions of Law

1. Based on the above facts, the Court concludes that Petitioner is entitled to lump sum alimony in the sum of $600,-000. This Court has jurisdiction to award Petitioner, Mary Coll, lump sum alimony. Moreover, an expert’s evaluation of the parties property values is not a prerequisite to the Court’s awarding Petitioner, Mary Coll, lump sum alimony. The Florida Supreme Court stated that lump sum alimony may be awarded to ensure equitable distribution of property acquired during the marriage as long as there is some justification for the award and the paying spouse is financially able to make the payments without threatening his economic status. See, Robinson v. Robinson, 403 So.2d 1306 (Fla.1980), citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The facts of this case clearly demonstrate that Petitioner is entitled to an award of lump sum alimony.
Petitioner has contributed at least 50%, if not more, to the business established by herself and Respondent. Accordingly, Petitioner has a special equity in said business. This special equity can only be satisfied by the award of lump sum alimony to Petitioner since it is impossible for Petitioner to continue to work with Respondent in the business.
The facts also demonstrate that justice and equity can only be achieved between the parties by awarding Petitioner lump sum alimony. Respondent has continuously failed to pay Petitioner the full amount of temporary alimony. Respondent has also failed to pay petitioner rent income from their jointly owned properties. Thus, Petitioner has been forced to use her inheritance from her father as a means of survival. However, this source of income has been completely drained and Petitioner is in immediate need of lump sum alimony in order to survive. Accordingly, it is not feasible in the instant case to leave Petitioner in the position of receiving periodic alimony from Respondent. Respondent, Francisco Coll, has already clearly demonstrated that he will not pay Mary Coll any monies unless forced to do so by Motions for Contempt of Court.
2. Respondent has failed to establish that his payment of lump sum alimony would be “ruinous” to him. See, Reid v. Reid, 68 So.2d 821 (Fla.1953); Yandell v. Yandell, 39 So.2d 554 (Fla.1949). Many of the properties currently owned by Mary Coll and Francisco Coll are used on a periodic basis only. Moreover, Francisco Coll is the only party who is and has been receiving income from said properties. He is also the only party receiving income from the business established by both parties. Accordingly, it is clear that *1143 in the interest of both parties, Petitioner be awarded lump sum alimony. Yandell v. Yandell, 39 So.2d 554, 556 (Fla.1949). Based on the foregoing facts and conclusions of law, it is hereby
ORDERED and ADJUDGED as follows:
******
3. The Respondent shall pay Petitioner lump sum alimony totaling $600,000. Respondent is directed to immediately convey by quit-claim deed within fifteen (15) days of this Order, all of his right, title and interest in the following properties:
a. The Miami Springs house located at 6350 Lake June Road, Miami Lakes, Florida.
b. The Altamonte Springs house located at 809 Underoaks Drive, Alta-monte Springs, Florida 32701.
c. The Wife will assume the mortgage on the above properties and will hold Husband harmless for same.
******
5. Upon Petitioner’s receipt from Respondent of the deeds to the Florida properties located in Altamonte Springs, Florida and Miami Springs, Florida, Petitioner will deliver to Respondent the deeds to the Osceola, Iowa property at 702 North Main Street (previously described under Findings of Fact, # 7, page 2). At this time, Petitioner will also transfer to Respondent all her rights, title and interest to the property located in Warrenton, Virginia (previously described under Findings of Fact, # 7, page 2).
6. The Husband will receive a credit of $67,122.73 toward the lump sum alimony which he is hereby ordered to pay Petitioner. The remaining lump sum alimony amounting to $532,877.27 is to be paid within one hundred and eighty (180) days.
7. The Respondent will use the rents which are currently being received on all of the properties previously described on page 2, # 9, to pay the mortgages and other expenses on said properties until the intent of this final judgment is satisfied.
******
12. Each party will be responsible for his or her attorneys’ fees and costs. The issue of costs and attorneys’ fees may need to be revisited if the intent of this judgment is frustrated. Accordingly, jurisdiction is reserved as to future attorneys’ fees and costs.
******
The appellant contends that the trial court erred in not finding the actual value of the corporation in determining any special equity award to the wife. We find no error in the trial court adjusting the marital assets and making a “lump sum” alimony award in lieu of a special equity award, particularly when neither party disagreed in the trial court as to the value of the business. The record supports such an award, particularly when after the adjustments ordered in the final judgment of dissolution, the husband’s assets, excluding 100% of capital stock in Wayshowers, Inc., substantially exceeded the amount of the lump sum award. Tronconi v. Tronconi, 466 So.2d 203 (Fla.1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Carrison v. Carrison, 486 So.2d 1363 (Fla. 1st DCA 1986); Miller v. Miller, 480 So.2d 192 (Fla. 1st DCA 1985); Bird v. Bird, 385 So.2d 1090 (Fla. 4th DCA 1980). Further, the lump sum award is justified when the record demonstrates that the husband has shown a complete disregard for temporary alimony awards. Vandervoort v. Vandervoort, 300 So.2d 694 (Fla. 3d DCA 1974), cert. den., 311 So.2d 671 (Fla.1975).
The husband also complains that the final judgment requires him to make the mortgage payments on jointly owned property out of rental proceeds until the intent of the final judgment is satisfied, without giving him a credit for principal reductions to the wife. We find no error in this award. First, the husband controls the amount of rental and second, the joint property earns rental and its income should be used to reduce the mortgages thereon.
*1144 Finally, we find the husband’s arguments going to the reciprocal awards of jointly held real property and proof of residency to be without merit. See Tronconi v. Tronconi, supra; Frantz v. Frantz, 447 So.2d 1042 (Fla. 3d DCA 1984); Swad v. Swad, 363 So.2d 18 (Fla. 3d DCA 1978); Klarish v. Klarish, 296 So.2d 497 (Fla. 3d DCA 1974).
Therefore, the find judgment of dissolution appealed herein is hereby affirmed in all respects.
Affirmed.