DAVIS, Judge.
 

 Paul Baumann, the Former Husband, challenges the trial court’s order setting aside a previously entered order that reduced his alimony obligation to Faye Bau-mann, the Former Wife. Because the trial court applied the incorrect legal standard, we reverse and remand for further consideration.
 

 The marriage of these parties was dissolved by final judgment on September 6, 2005. The terms of that final judgment ordered the Former Husband to pay $1800 a month in permanent periodic alimony to the Former Wife. On August 21, 2007, the Former Husband, citing section 61.14(l)(b)(2)(a-k), (3), Florida Statutes (2007), petitioned the trial court to either reduce or terminate the alimony obligation, alleging that the Former Wife was involved in a “supportive relationship.” At the initial hearing on the petition, the trial court found that the Former Husband adequately had proven the existence of the supportive relationship and that the Former Wife’s supporting partner was contributing $1400 a month to their joint mortgage payments. Accordingly, the trial court reduced the Former Husband’s alimony obligation to $400 a month.
 

 The Former Wife filed a motion for rehearing, arguing that the trial court had erred in granting the reduction because the Former Husband had failed to adequately prove the existence of a supportive relationship and also had failed to show that the Former Wife’s financial needs had been reduced by her expense-sharing relationship. Following a hearing on the motion, the trial court issued its written order, finding that the Former Husband had “provided sufficient facts to the Court” to demonstrate that the Former Wife was in a supportive relationship as statutorily defined. However, the trial court then determined that once this was shown, it was the Former Husband’s burden to prove “that because of the supportive relationship the Former Wife’s need for alimony decreased.” The trial court concluded that the Former Husband failed to meet that burden and therefore restored the alimony obligation to the original amount of $1800 a month. The Former Husband appeals this order.
 

 In discussing the procedure to be followed once a petitioner has shown a required change of circumstances in his seeking a reduction in alimony obligations, this court has observed:
 

 “Once any such evidence other than the mere remarriage has been presented, the burden of proof of continued need should shift to the recipient spouse since the evidence as to the recipient spouse’s economic circumstances ... is peculiarly within his or her knowledge and may not be readily available to the payor spouse.”
 

 Maas v. Maas,
 
 438 So.2d 1068, 1070 (Fla. 2d DCA 1983) (quoting
 
 Frye v. Frye,
 
 385 So.2d 1383, 1389-90 (Fla. 2d DCA 1980)). Although the supportive relationship concept is specifically defined by statute, it is in essence a substantial change in circumstances, and therefore, the rule described
 
 *721
 
 in
 
 Maas
 
 applies. Accordingly, once the Former Husband demonstrated that the Former Wife currently is engaged in a supportive relationship, the issue of reducing or terminating the alimony obligation becomes one determined by the financial needs and abilities of the parties. Since the Former Wife is the better source with regard to her financial needs, the burden is on her as the recipient to demonstrate that her financial need as originally established upon dissolution continues to exist despite the existence of the supportive relationship.
 

 Because the trial court improperly placed the burden of proving a reduction of the Former Wife’s financial need on the Former Husband, we reverse the trial court’s order and remand for the trial court to apply the correct burden of proof.
 

 On cross-appeal, the Former Wife argues that the trial court erred in denying her request for attorney’s fees and in reducing the Former Husband’s alimony obligation from $1800 to $400 for the four-month period between the issuing of the original reduction order and the order on appeal. The Former Wife is correct that the trial court erred in denying her request for attorney’s fees without making any factual findings as to her need and the Former Husband’s ability to pay.
 
 See Perrin v. Perrin,
 
 795 So.2d 1023, 1024 (Fla. 2d DCA 2001) (“[A] trial court cannot decide the issue of attorney’s fees without findings as to one spouse’s ability to pay fees and the other spouse’s need to have fees paid.”). Furthermore, there is nothing in the record before us to support the four-month alimony reduction. Accordingly, upon remand, the trial court shall reconsider these issues, making any necessary factual findings.
 

 Finally, we note that the Fourth District in
 
 French v. French,
 
 4 So.3d 5, 6-7 (Fla. 4th DCA 2009), has concluded that “once a trial court makes a finding that a supportive relationship exists, it must by necessity either reduce or terminate alimony because the obligee’s need has changed.” This conflicts with our conclusion here that the finding that a supportive relationship exists is merely a change in circumstances that shifts the burden of proving continued need to the recipient spouse.
 
 [1]
 
 We therefore certify conflict with
 
 French.
 

 Reversed and remanded with instructions; conflict certified.
 

 ALTENBERND and FULMER, JJ., Concur.
 

 [1]
 

 . The discretionary language of section 61.14( 1 )(b)(3) further supports our conclusion that the determination that a supportive relationship exists does not conclude the inquiry. The statute clearly states that upon the establishment of the supportive relationship, “alimony terminable upon remarriage
 
 may
 
 be reduced or terminated.”
 
 Id.
 
 (emphasis added).