475 So.2d 1253 (1985)
Drema H. MURPHY, Appellant,
v.
William J. MURPHY, Appellee.
No. 83-1574.
District Court of Appeal of Florida, Fifth District.
August 15, 1985.
Rehearing Denied September 17, 1985.
*1254 Seymour Benson, Orlando, for appellant.
Edward J. Hanlon, Jr., Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from a final judgment dissolving the marriage of appellant Drema and appellee William Murphy. The former wife raises numerous points on appeal challenging the propriety of the lower court's provisions for alimony, child support and distribution of the parties' marital assets. We affirm.
The parties married in 1971 when both were nineteen years old. Neither had any assets. The wife completed the twelfth grade, but does not have a high school diploma. She trained as a beautician, but has not obtained a beautician's license. The wife has never been self supporting, and is not presently employed.
After the parties moved to Florida from North Carolina, the husband had several jobs, but did not become a financial success until he began working for the Fairvilla Theaters, Inc. The parties obtained joint stock interests in the Fairvilla and Premier Theaters, although the extent of their interests and the value of the stock is in dispute. Extensive testimony on this issue was presented in the court below, but much of it was unclear and contradictory. During the pendency of the dissolution proceedings, the court appointed a receiver to collect revenues and supervise the theater business because the husband attempted to transfer the parties' interest in the theaters contrary to court orders designed to preserve the status quo.
After the litigation had been pending in the lower court for 866 days, the trial court resolved the voluminous and often contradictory testimony and other evidence in a ten-page, multifaceted final judgment. The court awarded the wife custody of the parties' two minor children, and $30.00 per month permanent periodic alimony. The court ordered the husband to pay $200.00 per month for each child, plus a $60,000 second mortgage on the marital residence, "as child support."
As lump sum alimony, the final judgment gives to the wife the husband's interest in the marital residence, subject to a first mortgage of $19,000. As additional lump sum alimony, the final judgment grants the wife her husband's interest in some commercial property, called the "Bryn Mawr" property, worth $17,250. The lower court also ordered that the husband's interest in certain "Clermont" property shall be owned by the parties as tenants in common. The wife also received a Mercedes Benz automobile, her jewelry, and the furnishings in the marital home.
The trial court awarded to the husband the wife's stock interest in the two theaters. It required the husband to pay to the wife for her interest $138,284.39, which was approximately the sum in the hands of the receiver as of March 1, 1983.[1] The final judgment ordered this sum paid over to the wife's attorney, except for $75,000 which was to be escrowed to pay 1982 and 1983 United States Income Taxes.
In Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980) our supreme court stated:
Dissolution proceedings present a trial judge with a difficult problem of apportioning assets acquired by the parties and providing necessary support. The judge possesses broad discretionary authority *1255 to do equity between the parties and have available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial court, these remedies are interrelated; to the extent of their eventual use, the remedies are part of one overall scheme. It is extremely important that they also be reviewed by appellate courts as a whole, rather than independently. [emphasis supplied].

In Walter v. Walter, 464 So.2d 538 (Fla. 1985) and Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985), the supreme court reaffirmed that the distribution of marital assets and the imposition of support obligations are matters entrusted to the trial court's discretion. The supreme court also reaffirmed in Walter and Marcoux the application of Canakaris's reasonableness test as the standard for appellate review of such discretionary orders.
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of a trial judge and should apply the "reasonableness" test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
Canakaris, 382 So.2d at 1203.
In the instant case, the trial court considered the parties' income, assets and capabilities, and developed a package of rights and responsibilities for the litigants. We will not disturb the delicate balancing of equities achieved in the final judgment. Although some one or two provisions in the court's final disposition may seem wrong when viewed out of the context of the total scheme, that is not the way the judgment should be considered. Canakaris, 382 So.2d at 1202. On the whole, the parties were treated fairly and adequately. Canakaris teaches that we should not take a judgment and try to pick it apart to see if there is any one or two things with which we can disagree. When the awards to appellant of cash and assets are considered, it is clear she received a sizable fund to invest and use for her future needs. It cannot be said that $200 per month per child is such a paltry amount that no reasonable man would make such award. We note that the $400 child support is supplemented by a residence in which to live, mortgage payments, and a young and healthy mother able to contribute her fair share. We conclude that the trial court's overall scheme distributing the marital assets and providing for support and alimony is not an abuse of discretion.
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents without opinion.
NOTES
[1] At that point the receiver had been operating the theater for approximately eight months.