PER CURIAM.
We vacate the award to the husband of the exclusive possession of the parties’ jointly owned home because of the lack of an evidentiary basis to support such award. Duncan v. Duncan, 379 So.2d 949 (Fla.1980). Upon remand, the court shall determine a reasonable monthly rental for the wife’s one-half interest in the home to be paid by the husband to her for all periods of time since the final judgment he has lived or continues to live in the home.
In view of the equitable distribution of the parties’ assets, we cannot say that the court abused its discretion in refusing to award alimony to the wife. However, considering the wife's health and absence of earning potential, we amend the final judgment to include a reservation of jurisdiction which will permit the court at any future time to award alimony to the wife which may be dictated by changes in the circumstances of the parties. See Smith v. Smith, 406 So.2d 71 (Fla. 2d DCA 1981); Melton v. Melton, 251 So.2d 705 (Fla. 1st DCA 1971).
In all other respects, the judgment is affirmed.
GRIMES, A.C.J., and SCHEB and CAMPBELL, JJ., concur.