GLICKSTEIN, Judge.
This is an appeal from an unfinished marital war which has involved the judicial system of two states; and the end is not in sight. The husband contends the wife has employed seven attorneys in the two states as the battlegrounds shift back and forth from Florida to New York.
The parties have now engaged the appellate system of this state in their legal entanglements, the wife appealing from the order of contempt entered against her as well as the order which refuses to allow her to maintain term insurance on her now ex-husband’s life.
The wife is technically correct as to the contempt order, because of the trial court’s failure to affirmatively find in its order of adjudication that she was presently able to comply as is required by Fair-cloth v. Faircloth, 339 So.2d 650 (Fla.1976). We must reverse and remand such order with direction in accordance herewith.
As for the insurance question, we remand and direct the trial court to determine its authority to prohibit the wife from maintaining insurance on the former husband’s life. Even if the wife has no insurable interest, we have not been informed why that gives the court general prohibitory authority in the absence of some specific reason for having such authority. The matter appears to be one for the wife and the insurer to dispute should she elect to continue to pay for coverage in the absence of an insurable interest. The husband’s contention that this is “term” insurance is vague and ambiguous, and does not in itself provide adequate rationale for conferring general prohibitory authority upon the court.
Those involved in the administration of justice speak aspirationally of the multi-door courthouse, providing alternative avenues for the resolution of disputes before they reach family, civil or criminal court. Alternative dispute resolution programs are desirable not only at the trial court level, but also at the appellate court level. The National Institute of Justice describes many of these programs in its July, 1986, report “Resolving disputes — toward the multi-door courthouse.” The U.S. Circuit Court for the District of Columbia has instituted such an appellate program. The instant case is one which could have benefited from the use of an alternative dispute resolution program.
DELL, J., concurs in result only.
STONE, J., dissents in part and concurs in part with opinion.