BARKDULL, Judge.
Husband appeals a final judgment of dissolution of marriage, and the wife cross-appeals.
The marriage was entered into in Cuba in 1958. Husband, although a U.S. Citizen has resided in Paraguay since 1974. In April, 1985, parties were located in Paraguay because of the husband’s profession. Wife sought a dissolution of the conjugal partnership in Paraguay, since divorce is not recognized in Paraguay. Wife filed a dissolution of marriage in Florida in November, 1986. In April, 1987, the parties stipulated as to the effect to be given to the Paraguayan decree. Husband appeals the final judgment making an award of alimony (lump sum and periodic) and an equitable distribution of marital assets.[1]
The appellant urges error in the construction of the stipulation made before the court, that the wife was estopped to seek equitable distribution because of the Paraguayan proceedings, that it was error to award the wife assets acquired by the husband subsequent to the Paraguayan decree, and lastly that the Paraguayan decree was a property settlement agreement not subject to modification. We find no error and affirm. Lopez v. Dublin Company, 489 So.2d 805 (Fla. 3d DCA 1986); Camson v. Carrison, 486 So.2d 1363 (Fla. 1st DCA 1986); Strickland v. Strickland, 344 So.2d 931 (Fla. 2d DCA 1977); Villa v. Mumac Construction Corp., 334 So.2d 274 (Fla. 3d DCA 1976); compare Sammons v. Sammons, 479 So.2d 223 (Fla. 3d DCA 1985).
The wife cross-appeals urging error in the award of certain fees to the special master, fees to the husband’s prior attorneys from an account in the husband’s name ultimately awarded to her, and in failing to require the husband to continue life insurance pursuant to the Paraguayan *1117 agreement. We find no merit in the wife’s cross-appeal, see and compare Seitz v. Seitz, 471 So.2d 612 (Fla. 3d DCA 1986); Arsht v. Arsht, 467 So.2d 421 (Fla. 3d DCA 1985); Golden v. Golden, 410 So.2d 945 (Fla. 3d DCA 1982), except as it relates to the failure of the trial court to permit the wife to continue the insurance on the husband’s life at her expense. The trial court having ordered the husband to continue compliance with the Paraguayan decree which provided for $1,000 a month as periodic alimony, the former wife should be permitted to continue, at her expense, the life insurance. Moskowitz v. Moskowitz, 515 So.2d 370 (Fla. 4th DCA 1987); 43 Am.Jur.2d, Insurance § 978. Therefore finding no error in the trial court’s award of both lump sum and periodic alimony, Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Wellman v. Wellman, 504 So.2d 531 (Fla. 3d DCA 1987); Buttner v. Buttner, 484 So.2d 1265 (Fla. 4th DCA 1986), and in equitable distribution of the marital assets, we affirm the final judgment under review, except that we modify same by adding a provision that will permit the wife to continue at her expense, the life insurance policies held by the husband, which in the Paraguayan pro-. ceeding he had been required to maintain.
AFFIRMED AS MODIFIED.

. The final judgment reads in part as follows: ******
"5. On April 9, 1987, the Wife and Husband entered into stipulations of record before this Court regarding the effect of the Paraguayan Decree on the instant proceedings.
6. Pursuant to the stipulations as referred to in Paragraph 5, this Court finds:
a. There is no divorce procedure in Paraguay; this Court has jurisdiction to resolve the parties marriage relationship.
b. The Paraguayan Decree dated June 20, 1985, resulted in the distribution of marital property.
c. The Paraguayan Decree of June 20, 1985, is valid only as to assets listed in the decree. The Paraguayan Decree did not distribute assets and property located outside the country of Paraguay. Certain property, not revealed in the Paraguayan proceeding is subject to equitable distribution in this proceeding.
******
8.This marriage commenced 29 years ago and produced four children. The Wife is 51 years of age and is untrained for the business world. The Court is concerned because the severing of the financial relationship by the parties did not provide the Wife a modicum of security, dignity and orderliness for her future well-being. The Wife’s life-style leaves something to be desired. The Husband’s life-style, on the other hand, remains relatively unchanged.
******
9. The Wife is being forced, due to her financial plight, to reside in her mother’s home in Coral Gables. The Court believes it will be next to impossible to impose enforceability of a decree upon this ‘internationalist’ Husband.
10. The Husband claims to own no assets at this time save his interest in the Bank of Boston Account No. 301-4317 and his pension plan with Gulf and Western. He does however, acknowledge the fact that he is currently employed. By virtue of the Husband’s evasiveness during trial, his lack of cooperation during the discovery process, his transferring of the Bank of Boston account, though temporarily, to a Swiss Account along with his agronomy background and his current wife’s interest in cattle, lends credence to the distinct possibility that the Husband has been less than candid with the Wife and that there possibly does exist undiscovered assets. (The Husband disavows any interest in the cattle herd and dairy business which he claims is owned and operated by his present wife. It should be pointed out that the Husband married his present wife by obtaining a Dominican Republic Decree of Divorce from the Petitioner herein and unbeknown to her.)’’