549 So.2d 219 (1989)
Raymond J. PIRINO, Appellant,
v.
Marianne D. PIRINO, Appellee.
No. 88-2160.
District Court of Appeal of Florida, Fifth District.
September 7, 1989.
Rehearing Denied September 28, 1989.
Andrea L. Cain and John M. Cain of Cain & Ewald, Orlando, for appellant.
George E. Adams of Adams, Hill, Fulford & Morgan, Orlando, for appellee.
GOSHORN, Judge.
Raymond J. Pirino (husband) appeals the trial court's order awarding $3,000 per month permanent periodic alimony to the appellee, Marianne E. Pirino (wife). We reverse since it appears that the award is based on a misunderstanding.
This is the second appearance of this case[1] before this court. In Pirino I, we reversed the award of $500 per month permanent periodic alimony as being insufficient and an abuse of discretion. On remand we directed the trial court:
[T]o award such sum as is in keeping with the wife's needs and the husband's superior ability to pay and the standard of living of the parties.
A review of the record of the remand hearing discloses that the trial judge believed he was prohibited by our opinion from any consideration of the prior distribution of assets between the parties, or the wife's ability to find employment and contribute *220 to her own support. He further interpreted our opinion to hold that the wife had a right to maintain her marital standard of living regardless of the husband's ability to pay. These interpretations are not mandated by our opinion in Pirino I, nor are they correct as a matter of law.
The value of the property apportioned to the wife may be considered in awarding alimony. See Marston v. Marston, 484 So.2d 32 (Fla. 2d DCA 1986), rev. denied, 494 So.2d 1151 (Fla. 1986), Mendonsa v. Mendonsa, 479 So.2d 306 (Fla. 2d DCA 1985), Murphy v. Murphy, 475 So.2d 1253 (Fla. 5th DCA 1985) and Reback v. Reback, 296 So.2d 541 (Fla. 3d DCA 1974) cert. denied, 312 So.2d 737 (Fla. 1975). Additionally, both parties' earning abilities are among the factors which should be considered in determining the amount of alimony to be awarded. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
The standard of living of the parties prior to a divorce is only one factor to be examined when setting the amount of alimony. Canakaris, supra. The primary criteria remains the wife's need coupled with the husband's ability to pay. Potter v. Potter, 477 So.2d 67 (Fla. 1st DCA 1985). Clearly the husband cannot be required to maintain the wife's standard of living when this maintenance stretches beyond his financial capacity. Indeed, it is the exceptional case when a couple's resources and earnings prove sufficient to maintain two independent households in the same manner as the original household.[2]
At the remand hearing the wife submitted an exhibit entitled "AMOUNT NEEDED TO EQUALIZE INCOME IF WIFE EARNED $7.00 PER HOUR". The record is unclear what action, if any, the judge took in attempting to equalize the parties' income, although the size of the alimony award when compared with the wife's exhibit seems to indicate that he did act along these lines. To the extent that this was the goal of the increased award, it is erroneous. Ente v. Ente, 442 So.2d 232 (Fla. 5th DCA 1983) (purpose of support alimony is not to equalize individuals and their differing earning capacities).
In summary, this cause is reversed and remanded for re-consideration of the amount of permanent periodic alimony based upon the evidence which was presented to the court at the trial. On remand the trial judge should consider the needs of the wife in conjunction with the ability of the husband to pay. The judge may also consider the prior distribution of the assets between the parties and the wife's ability to be wholly or partially self supporting.
REVERSED and REMANDED.
COBB, J., and SCHEB, J.M., Associate Judge, concur.
NOTES
[1] Pirino v. Pirino, 525 So.2d 1028 (Fla. 5th DCA 1988).
[2] It may not be true that "two can live cheaper than one"; but it is certainly true that two together can live cheaper than two apart. It is also true that many parties to a faltering marriage, for a variety of reasons, attempt to maintain lifestyles far beyond their financial abilities and resources.