W. SHARP, Judge.
We affirm this final judgment in a dissolution case because we find it falls within the trial judge’s discretion to award the former wife $300 per month permanent periodic alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The only issue raised on appeal was the propriety of the alimony award.
The Defazios are persons of modest means and assets. The court distributed their net marital assets relatively equally: $103,493.50 (55%) to the wife, and $79„693.50 (45%) to the husband. But, the evidence disclosed the former husband withdrew $5,000 in cash from several accounts prior to the dissolution hearing. That sum would make the distribution closer to 50/50.
This was a long-term marriage: 22 years and four children. At the time of the dissolution, two were still minors: a son, age 15, and a daughter, age 10. During most of the marriage, the former wife was a housewife. For the last 2¾⅛ years prior to the divorce, she worked in a clerical position. She is a high school graduate and attended college, but she has no degree. The husband has a 10th grade education only, but he returned to school to obtain his master electrician’s license.
The trial court found that the wife’s earning ability is not as great as her husband’s. It also found that the husband owns a ⅛ interest in a family electrical contracting business, that he earns a minimum of $2,200 to $2,500 per month, and that he has the ability to pay alimony. There was some evidence the husband had not been candid with the court about his income level in prior years.
The wife currently earns $8 per hour for her part-time (30 hours per week) job, or approximately $1,000 (gross) per month. She has but a mediocre chance to ever earn substantially more. She did not wish to work a full 40 hour week at this time because she considers it important to be home before her minor children, who live with her, leave for school and after they return home.
The court found the wife had made a substantial contribution to the marriage, including “homemaking, child care, education and career building of the other party.” It also found she had a need for permanent alimony considering the “standard of living established during the marriage, the duration of the marriage, the age, physical and emotional condition of each party, the financial resources of each party, and the marital assets and liabilities distributed to each.” This strikes us as a classic permanent alimony case and $300 per month is a modest award. See Privett v. Privett, 535 So.2d 663 (Fla. 4th DCA 1988); De La Guardia v. De La Guardia, 536 So.2d 1115 (Fla. 3d DCA 1988); Johnson v. Johnson, 386 So.2d 14 (Fla. 5th DCA), rev. denied, 392 So.2d 1375 (Fla.1980).
The dissent stresses a point not argued nor presented on appeal that the total amount awarded for child support ($933 per month) when added to the permanent alimony ($300) leaves the appellant with only $667 per month with which to support himself. The former wife will have (including alimony, child support and her own earnings) approximately $600 per month per person with which to support herself and the two minor children.
Perhaps the combined total support awarded was too great, but that was not argued by appellant here. But also, perhaps the trial judge did not believe the former husband’s income and resources are *957 as limited as he claims. In either case, we must affirm the trial court.
AFFIRMED.
GOSHORN, J., concurs.
DAUKSCH, J., dissents with opinion.