PER CURIAM.
The husband appeals, and the wife cross-appeals, from a final judgment of dissolution awarding lump sum and rehabilitative alimony and child support. We affirm.
The parties were divorced in 1989 after a 21 year marriage. At the time of the dissolution, there was one minor child remaining at home. The wife, who had spent most of the marriage as a homemaker, has now started a college program with the intent of becoming a preschool teacher. The husband is a master plumber with his own business.
The husband contests the awarding of his one-half interest in the marital home to the wife as lump sum alimony. As noted in Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986), the court in Cana-karis[1] “broadened the spectrum of remedies at the trial court’s disposal by recognizing a novel use of lump sum alimony.” 491 So.2d at 267. The court created the hybrid remedy of lump sum alimony based on concepts of both property distribution and traditional alimony. Thus, a trial court is permitted to use a lump sum distribution in lieu of, or in addition to, periodic or rehabilitative alimony. De La Guardia v. De La Guardia, 536 So.2d 1115 (Fla. 3d DCA 1988); Wellman v. Wellman, 504 So.2d 531 (Fla. 3d DCA 1987); Robertson v. Robertson, 473 So.2d 24 (Fla. 4th DCA 1985). The trial court’s award in this case was permissible since the husband has a greater earning capacity and he received the wife’s interest in the plumbing business. Given the wife’s lower earning potential, the lump sum award appears to be an effective substitute for permanent periodic alimony to the wife, which otherwise would have been required, given her age, education, and work history.[2]
Secondly, the husband complains that the trial court’s award of rehabilitative alimony and child support amounts to 74 percent of his income. We reject this argument upon the finding that the record reflects, and the husband conceded at oral argument, that the health insurance which the husband is required to maintain for the benefit of the minor daughter, and which he included as a direct cost to himself, is in fact paid for by his corporation in pre-tax *642 dollars. When the insurance premium amount is deducted from the husband’s claimed expenses, his alimony and child support obligations are reasonable and do not cause inequitable economic hardship. Thus, the husband was neither shortchanged nor passed from prosperity to misfortune. Gustafson v. Jensen, 515 So.2d 1298 (Fla. 3d DCA 1987).
Finally, we find no error in the trial court’s order requiring the husband to pay the wife’s attorney’s fees and costs in light of her need for such an award and the husband’s superior financial position to pay it. Iribar v. Iribar, 510 So.2d 1023 (Fla. 3d DCA 1987).
We have carefully considered the points raised in the cross-appeal and find no error. The trial court’s judgment is affirmed.

. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).

. Should the rehabilitative plan prove not to be viable, that issue can be revisited at a subsequent stage by the trial court.