712 So.2d 1205 (1998)
Thomas Edward BRINGEDAHL, Jr., Appellant/Cross-Appellee,
v.
Teri L. BRINGEDAHL, Appellee/Cross-Appellant.
No. 97-2631.
District Court of Appeal of Florida, Fifth District.
June 19, 1998.
*1206 Joan Stefanec Briggs, Daytona Beach, for Appellant/Cross-Appellee.
Paul Martz, St. Augustine, for Appellee/Cross-Appellant.
COBB, Judge.
The trial judge in the instant case granted a judgment of dissolution, distributed assets of the parties, and awarded rehabilitative and permanent periodic alimony. Unfortunately, the court did not comply with either section 61.075(3) or section 61.08(1), Florida Statutes (1995) in respect to the requirement of factual findings. See, e.g., Plyler v. Plyler, 622 So.2d 573 (Fla. 5th DCA 1993) and Woodard v. Woodard, 634 So.2d 782 (Fla. 5th DCA 1994). Nor did the trial court make any apparent determination as to whether the wife would have the potential capacity, after rehabilitation, to maintain a standard of living comparable to that enjoyed during the marriage. See Benters v. Benters, 655 So.2d 1243 (Fla. 5th DCA 1995), appeal after remand, 683 So.2d 1193 (Fla. 5th DCA 1996).
Accordingly, we affirm the judgment of dissolution but otherwise reverse the judgment entered below and remand for reconsideration by the trial court. If necessary the trial court may take additional evidence in order to make the appropriate findings in support of its determinations in regard to alimony, support and equitable division of property.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
W. SHARP, J., and ORFINGER, M., Senior Judge, concur.