731 So.2d 1270 (1999)
Ronald SCHULTZ, et al., Petitioners,
v.
LOVE PGI PARTNERS, LP, et al., Respondents.
No. 92,803.
Supreme Court of Florida.
April 1, 1999.
*1271 Clark A. Stillwell of Brannen, Stillwell & Perrin, P.A., Inverness, Florida, for Petitioners.
Enola T. Brown, Robert L. Rocke and Christopher L. Griffin of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, Florida, for Respondents.
Robert A. Butterworth, Attorney General, and Joseph C. Mellichamp, III, Senior Assistant Attorney General, Tallahassee, Florida, and Robert A. Ginsburg, Dade County Attorney, and Melinda S. Thornton, Assistant County Attorney, Miami, Florida, for Florida Department of Revenue and Dade County Property Appraiser, Amici Curiae.
PER CURIAM.
We have for review Love PGI Partners, LP v. Schultz,[1] 706 So.2d 887 (Fla. 5th DCA 1998), which expressly and directly conflicts with Robbins v. Yusem, 559 So.2d 1185 (Fla. 3d DCA 1990). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue presented by the conflicting decisions is whether zoned use of land is, as a matter of law, determinative of the actual, good faith agricultural use of the land for ad valorem tax assessment purposes under article VII, section 4(a) of the Florida Constitution and section 193.461(3)(b), Florida Statutes (1993). The Fifth District Court of Appeal held below that when determining the actual, good faith use of the land for tax purposes, the zoned use is but one factor that an assessor or reviewing court may consider along with the other specified factors provided in section 193.461(3)(b)1-7, Florida Statutes (1993), and that zoning alone is not determinative as a matter of law. Love PGI Partners, 706 So.2d at 892-893.
The Fifth District reasoned that the determination must be based on an evaluation of the various factors surrounding the alleged agricultural use as provided in section 193.461(3)(b), which include the duration and continuity of the use, the purchase price and size of the land, whether the land is cared for in a manner to support the alleged use, whether there is a lease and, if so, its terms, and "[s]uch other factors" as may be apparent. Love PGI Partners, 706 So.2d at 891-92 (quoting § 193.461(3)(b)). Not having been included as a factor by the legislature, the zoned use of the land enters the analysis via the catchall factor that allows the taxing authority to consider any relevant factor not specifically mentioned. § 193.461(3)(b)7, Fla. Stat. (1993); Love PGI Partners, 706 So.2d at 892. The court also stressed that "the key to determining entitlement to [an] agricultural classification is the actual physical activity being conducted on the land. Bass v. Gen. Dev. Corp. 374 So.2d 479 (Fla.1979)[.]" Love PGI Partners, 706 So.2d at 891. Thus, making the good faith agricultural use determination based exclusively on zoned use as a matter of law, would violate the broad examination required by statute, which is properly focused on the actual physical use of the land.
We find the Fifth District's reasoning to be sound and add that the holding is consistent with our opinion in Greenwood v. Oates, 251 So.2d 665 (Fla.1971), wherein we stated: "It is clear ... that any determination *1272 of a bona fide forestry operation must be arrived at upon consideration of all practices and indicia existing in each case, and on a case by case basis. It would be an impossible and unwise task for this Court, or any appellate court, to attempt to establish inflexible, definite criteria to be arbitrarily applied on a state-wide or even area basis." Id. at 667-68.
Accordingly, we approve the Fifth District's decision below, and disapprove Robbins v. Yusem to the extent it is inconsistent with this opinion.
It is so ordered.
HARDING, C.J., SHAW and WELLS, JJ., and OVERTON, Senior Justice, concur.
ANSTEAD, J., dissents with an opinion, in which PARIENTE, J., and KOGAN, Senior Justice, concur.
ANSTEAD, J., dissenting.
I would approve the Third District's opinion in Robbins v. Yusem. To do otherwise is tantamount to ignoring the entire land use regulatory scheme the legislature has mandated to regulate growth in Florida.
Today, the use of land is largely controlled by local zoning laws, under a land use planning scheme mandated by the state to be developed and enforced by local government. Obviously, that comprehensive scheme can hardly work if landowners are free to ignore zoning laws in their use of land. However, that is precisely the import of our ruling today. I cannot improve upon the well-reasoned opinion of Judge Jorgenson in Robbins where he explained:
Where, as here, the use of the property for commercial agriculture was prohibited by law and therefore was not in "good faith" as required by the Greenbelt Law, the Property Appraiser's denial of agricultural classification was proper. Contrary to the taxpayer's argument, our decision will not create an unconstitutional irrebuttable presumption. At the outset, a finding that commercial agricultural use is not bona fide because it is prohibited under the zoning laws may be overcome by a showing that the use is a legal nonconforming use. Once the Property Appraiser determines, however, that the use is prohibited and is not a legal nonconforming use, the use, as a matter of law, is not bona fide and is not in good faith. That conclusion is a rule of substantive law, not an evidentiary presumption. See Ehrhardt, Florida Evidence Sec. 301.3 (2d ed. 1984) ("Although some rules of law are called conclusive presumptions from time to time, they are not properly included in a codification of the law of evidence since they are rules of substantive law in the particular area in which they exist.").
Moreover, there is an eminently rational basis for the rule of law that we announce today. The determination of the Property Appraiser is reasonably related to legitimate legislative aims, while the order of dismissal entered by the trial court grants the taxpayer a substantial tax reduction based on an illegal use of land. No statute, judicial decision, or principle of equity permits us to sanction an illegal act by conferring upon the taxpayer substantial tax relief at the expense of other taxpayers. Accordingly, we conclude that, as a matter of law, agricultural use of property in violation of applicable zoning regulations cannot be considered "good faith" commercial agricultural use of the land entitling its owner to an agricultural exemption.
Robbins, 559 So.2d at 1188 (footnote omitted).
PARIENTE, J., and KOGAN, Senior Justice, concur.
NOTES
[1] Sugarmill and Love PGI Partners both litigated this case below; however, only Sugarmill, as a taxpayer, remains a party at this stage of the proceedings.