760 So.2d 1075 (2000)
John PORZIO, Appellant,
v.
Doreen Lea PORZIO, Appellee.
No. 5D99-2844.
District Court of Appeal of Florida, Fifth District.
June 23, 2000.
*1076 Kirk M. Campbell, Brooksville, for Appellant.
Thomas R. Eineman of Law Office of Thomas R. Eineman, Spring Hill, for Appellee.
W. SHARP, J.
John Porzio appeals from a final judgment which dissolved his marriage to his former wife, Doreen Porzio. He argues numerous points on appeal, some of which are conceded as error by appellee, and some of which appear to be errors of law due to lack of findings by the trial court. Accordingly we affirm in part, reverse in part, and remand to the trial court for further proceedings.
One of the difficulties in this case is the lack of a trial transcript, due to the absence of a court reporter. Thus we are unable to undertake the normal appellate review of whether there was sufficient competent evidence to support the trial court's findings, and the further narrower determination of whether the trial court abused its discretion in resolving the family law issues the way it did.[1]
The documents in the record on appeal and the findings which the trial court did make, establish the following facts and circumstances. The parties were married in 1982, and ultimately filed for divorce in 1999a seventeen-year marriage. They have one child, who was born in 1991. John is a self-employed tile setter who (based on his financial affidavit filed in the record) has a gross monthly income of $2,120.00 and a net monthly income of $1,871.00. John was injured in October 1998, but the court deemed it to be temporary in nature. Doreen was a homemaker and during the marriage was not gainfully employed. She is able to work part time, earning menial wages sufficient to impute to her gross monthly earnings of $591.25, netting her $478.00 per month.
The parties accumulated a "certain amount of assets, free of any encumbrances" *1077 during their marriage. In addition, the parties had various vehicles, a boat, trailer, and household furniture worth $15,000.00, and IRAs in financial institutions totaling $9,000.00. However, the court said rather critically that it had "concerns regarding the accuracy and reliability of the testimony of the parities relative to their reported income and assets."
The final judgment awarded primary residential custody of the parties' child to Doreen, and established a visitation schedule (fairly standard) for John. It required John to pay child support of $400.00 per month, based on a guidelines worksheet, and it required him to maintain major medical insurance for the child. It required John to deed to Doreen his interest in the marital home as lump sum alimony, and denied her any other form of alimony. It also divided the parties' personal and intangible property almost equally, with both receiving items with an approximate value of $12,000.00. And, it awarded Doreen $2,750.00 towards her attorney fees (one-half of her billed fee amount).
On appeal, John argues the court erred in imputing income to him, without making express findings of fact as to the amount and source of the income. It is clear, however, that the imputation was based on specific record evidence. See Warner v. Warner, 692 So.2d 266 (Fla. 5th DCA 1997). The court relied on John's own financial affidavit in the record and the testimony it heard at trial. It rejected John's position that his injury had diminished his income-earning ability. These are factual matters. Without a transcript of the trial, John cannot establish error.
Doreen concedes on appeal that the trial court erred in requiring John to maintain major medical insurance coverage for the parties' child, without making a finding that such insurance was reasonably available to him. See Calderon v. Calderon, 730 So.2d 400 (Fla. 5th DCA 1999). This provision in the judgment is reversed and on remand, if the court reimposes this requirement, the necessary finding should be made.
John argues that the award of lump sum alimony to Doreen of his equity in the marital home was erroneous, because the court made no special findings to justify the award. The findings made by the court, in its judgment with regard for alimony, are probably sufficient to justify some kind of periodic alimony. See, e.g., Defazio v. Defazio, 572 So.2d 955 (Fla. 5th DCA 1990). However, an award of lump sum alimony for support should not be made unless unusual circumstances exist that make the award reasonable. Glazner v. Glazner, 693 So.2d 650 (Fla. 5th DCA 1997); Young v. Young, 677 So.2d 1301 (Fla. 5th DCA 1996). The nature of this award should be re-addressed by the court on remand, and if the court determines alimony awarded in this form is advisable under the circumstances of this case, it should make findings of fact to explain its reasoning. Accordingly, we reverse the lump sum alimony award.
Doreen concedes on appeal that the award of attorney fees should also be readdressed by the trial court on remand. The judgment fails to state findings as to the reasonable number of hours expended by counsel and the reasonable hourly rate. See Abernethy v. Fishkin, 638 So.2d 160 (Fla. 5th DCA 1994). Accordingly, we reverse the attorney fee award. On remand, these findings should be made in order to buttress any award of attorney fees made to Doreen.
John also contends that the trial court abused its discretion in making an unequal distribution of marital assets. It appears on the face of the record that the trial court did award Doreen a much larger share of the parties' marital assets. Although it divided the parties' personal and intangible assets roughly in half, it allowed Doreen to keep her one-half of the marital residence valued at $55,000.00, without making a compensating award to John. An equal division of marital assets is *1078 presumptively proper under section 61.075 and thus an unequal distribution must be justified by findings made by the court.[2]
However, this part of the judgment could be viewed as the court having split the marital residence equally between the parties, but then having used John's share to make up the lump sum alimony award. In any event, whether the trial court views this as an unequal distribution of marital assets or an equal division and then a lump sum alimony award, it must make findings to explain why the result is fair and reasonable under the circumstances of this case. See Calderon; Bringedahl v. Bringedahl, 712 So.2d 1205 (Fla. 5th DCA 1998). As indicated above, we reverse this portion of the judgment and remand for reconsideration and the making of findings.
We affirm the balance of the judgment and remand for the trial court to reconsider and make findings, as set out in this opinion. In the event the trial court is unable to make such findings because it is unable to recall the facts proved at trial, it may in its discretion and at its option, take additional testimony on the issues and points it deems necessary.
AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.
SAWAYA, J., concurs.
ORFINGER, M., Senior Judge, concurs in result only.
NOTES
[1] It is the role of the finder of fact to resolve conflicts in the evidence and to weigh the credibility of witnesses. Thus the appellate court must affirm if there is sufficient competent evidence to support the trial court's finding. Love PGI Partners, LP v. Schultz, 706 So.2d 887 (Fla. 5th DCA 1998), approved by Schultz v. Love PGI Partners, LP, 731 So.2d 1270 (Fla.1999); Ferry v. Abrams, 679 So.2d 80 (Fla. 5th DCA 1996). In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of a trial judge and should apply the "reasonableness" test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Kennedy v. Kennedy, 622 So.2d 1033, 1045 (Fla. 5th DCA 1993) (Sharp, W., J., dissenting); Murphy v. Murphy, 475 So.2d 1253 (Fla. 5th DCA 1985).
[2] Escudero v. Escudero, 739 So.2d 688 (Fla. 5th DCA 1999); Herrera v. Herrera, 673 So.2d 143 (Fla. 5th DCA 1996).