812 So.2d 485 (2002)
John PORZIO, Appellant,
v.
Doreen Lea PORZIO, Appellee.
No. 5D01-1993.
District Court of Appeal of Florida, Fifth District.
March 8, 2002.
John Porzio, Weeki Wachee, pro se.
Kirk M. Campbell, Brooksville, for Appellant.
*486 Thomas R. Eineman of Thomas R. Eineman, P.A., Spring Hill, for Appellee.
PERRY, B., Associate Judge.
John Porzio (husband) takes his timely appeal from an amended final judgment of dissolution of marriage. The husband appealed the original final judgment, and this court affirmed in part and reversed in part that final judgment. See Porzio v. Porzio, 760 So.2d 1075 (Fla. 5th DCA 2000). Our earlier opinion sets out the pertinent facts underlying the dissolution. See Porzio, 760 So.2d at 1076-7.
In reviewing this case previously, we were hindered by the failure of the parties to transcribe the trial which preceded the final judgment. Id. at 1076. Nevertheless, we reversed in part the final judgment on the following bases: i) the trial court required the husband to maintain major medical insurance coverage for the parties' child, without making a finding that such insurance was reasonably available to him; ii) lump sum alimony should not have been awarded to Doreen Porzio (wife) without a finding describing unusual circumstances that would make that award reasonable; iii) the attorney's fee award to the wife did not set out whether a reasonable number of hours had been expended and what a reasonable rate would be; and iv) the trial court failed to explain whether requiring the husband to deed his share of the marital home to the wife was meant to be part of the equitable distribution of assets or whether it was part of the lump sum alimony. Id. at 1076-78. Per this court's instructions, the trial court addressed the four issues outlined by this court in an amended final judgment. The husband argues that the distribution of assets, the award of attorney's fees, and the award of health insurance all must be revisited because there were insufficient findings of fact to support those portions of the judgment.
The final judgment after remand awarded the former husband's $55,000.00 share of the equity in the marital home to the former wife as lump sum alimony. This court has already explained that if this award was lump sum alimony, then the distribution of the couple's assets was equitable. See Porzio, 760 So.2d at 1078. Nevertheless, the trial court still had the duty to "make findings to explain why the [lump sum alimony] is fair and reasonable under the circumstances of this case." Id. We believe the trial court adequately made those findings[1] and affirm the lump sum alimony award.
On the other hand, the amended final judgment failed to adequately support the attorney's fee award to the wife. The trial court failed to make findings of fact in the judgment as to the number of hours spent and a reasonable hourly rate pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). Because the trial court has twice awarded attorney's fees without the wife providing the necessary evidence in support of that award, the wife is not entitled to any attorney's fee on remand. See Viera v. Viera, 698 So.2d 1308, 1309 (Fla. 5th DCA 1997)("because the former wife presented no evidence from which to make the requisite findings, the court may not hear such evidence on remand").
Lastly, we also agree that the trial court failed to find as a matter of fact that there was insurance coverage for the *487 child reasonably available to the husband. The final order stated that the husband could provide the medical insurance because his child support obligation was $50.00 less than the child support obligation he undertook per the parties' stipulation during the pendency of the dissolution case. Section 61.13(1)(b), Florida Statutes, provides in part that "[e]ach order for child support shall contain a provision for health insurance for the minor child when the insurance is reasonably available." Moreover, this court instructed the trial court to find whether the health insurance was reasonably available. Porzio, 760 So.2d at 1076-78. Simply stating that the husband, a self-employed tile setter, has $50.00 per month available to him to buy his child's health insurance does not equate to a finding that the insurance is reasonably available. Having had two opportunities to make an evidentiary showing to support the position that the husband has insurance readily available, upon remand the wife should not have another opportunity to submit evidence on this point. Cf. Viera.
As to the matters of the health insurance and the attorney's fee award, the amended final judgment is reversed and the trial court is instructed to amend the judgment so as not to include either an award of attorney's fees, or provision for health insurance coverage for the couple's child. The award of the marital home as a form of lump sum alimony to the wife is affirmed.[2]
AFFIRMED in part, REVERSED in part, and REMANDED.
SHARP, W., and PALMER, JJ., concur.
NOTES
[1] Before the trial court can award lump sum alimony, it must determine that it is necessary for support or to effect equitable distribution of marital property. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Young v. Young, 677 So.2d 1301, 1304 (Fla. 5th DCA 1996). If support is needed, there must also exist "unusual circumstances ... which would require a non-modifiable award of support." Young, 677 So.2d at 1304.
[2] We do not address the other errors complained about on appeal because we find those alleged errors were either not material or were waived.