881 So.2d 1152 (2004)
RH RESORTS, LTD, Appellant,
v.
William DONEGAN, etc., Appellee.
No. 5D03-3674.
District Court of Appeal of Florida, Fifth District.
July 23, 2004.
Rehearing Denied September 21, 2004.
*1153 James M. Spoonhour and John T. Wettach, Jr., of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellant.
Thomas J. Wilkes, R. Dean Cannon, Jr., Derek E. Bruce of Gray Robinson, P.A., Orlando, for Appellee.
EVANDER, K., Associate Judge.
RH Resorts, Ltd. ("Resorts") appeals the trial court's final judgment which reclassified Resorts' property from agricultural to non-agricultural for the 2002 tax year. Concluding that the trial court's decision was supported by substantial competent evidence, we affirm.
The property at issue consists of two hundred thirty (230) acres of land located in Orange County. The property was initially classified for ad valorem tax purposes as agricultural for the tax years 1999 through 2001. At that time, the property was owned by Universal City Property Management III, LLC.
On May 21, 2001, Resorts purchased the property for a price in excess of twenty nine million dollars. This price was approximately twenty-five times the appraised value of the property as classified agricultural. Following the sale of the property, the Appraiser determined that the property was no longer entitled to be classified as agricultural because it was not being used for bona fide agricultural purposes.
Resorts challenged the Appraiser's determination and a hearing was held before a special master. The special master recommended to the Value Adjustment Board that the property's agricultural classification be reinstated. The Board agreed and thereafter reinstated the agricultural classification.
The Appraiser responded to the reinstatement by filing this lawsuit in the circuit court. In seeking relief, the Appraiser maintained that the Value Adjustment Board's determination was improper because the property was not being used for a bona fide agricultural purpose. After conducting a trial de novo, the trial court reversed the Value Adjustment Board's decision to classify the property as agricultural, agreeing with the Appraiser that the property was not being used for a bona fide agricultural purpose. This appeal followed.
In challenging the trial court's ruling, Resorts argues strenuously that the Value Adjustment Board had properly maintained the property's agricultural *1154 classification because the subject property had been used as a pine tree farm for the years 1999 through 2001, and that such use had not changed as of January 1, 2002. Stated another way, Resorts contends that it was error for the trial court to reverse the decision of the Value Adjustment Board because the property was still being used for bona fide agricultural purposes. We disagree.
We note initially that the trial court's decision comes to this court clothed with a presumption of correctness and that this court must affirm the trial court's determination as to the agricultural classification as long as there is substantial competent evidence to support said ruling. Love PGI Partners, LP v. Schultz, 706 So.2d 887 (Fla. 5th DCA 1998), app'd, Schultz v. Love PGI Partners, LP, 731 So.2d 1270 (Fla.1999). See also Greenwood v. Oates, 251 So.2d 665 (Fla.1971).
As the party challenging the decision of the Value Adjustment Board, the Appraiser had the burden of proof in the trial court. See § 194.036(3), Fla. Stat. (2001).[1] That burden was to establish that Resorts' property was not entitled to receive an agricultural classification. Love PGI Partners, L.P. v. Schultz, 706 So.2d 887 (Fla. 5th DCA 1998), app'd, Schultz v. Love PGI Partners, L.P., 731 So.2d 1270 (Fla.1999). Importantly, while the decision of the Value Adjustment Board was admissible at the trial court level, it was not entitled to be given a presumption of correctness. Chrysler Corp. v. Pitsirelos, 721 So.2d 710 (Fla.1998).
Section 193.461(3)(b) of the Florida Statutes (2001) sets forth in detail the factors to be considered in the determination of whether a parcel of property is entitled to receive an agricultural classification:
193.461. Agricultural lands; classification and assessment; mandated eradication or quarantine program
* * *
(3)(b) Subject to the restrictions set out in this section, only lands which are used primarily for bona fide agricultural purposes shall be classified agricultural. "Bona fide agricultural purposes" means good faith commercial agricultural use of the land. In determining whether the use of the land for agricultural purposes is bona fide, the following factors may be taken into consideration:
1. The length of time the land has been so utilized;
2. Whether the use has been continuous;
3. The purchase price paid;
4. Size, as it relates to specific agricultural use;
5. Whether an indicated effort has been made to care sufficiently and adequately for the land in accordance with accepted commercial agricultural practices, including, without limitation, fertilizing, liming, tilling, mowing, reforesting, and other accepted agricultural practices;
6. Whether such land is under lease and, if so, the effective length, terms, and conditions of the lease; and
7. Such other factors as may from time to time become applicable. *1155 § 193.461(3)(b), Fla. Stat. (2001). In applying these factors, a property appraiser cannot consider the property owner's future intended use of the property but instead must focus on the use of the property as of January 1st of the subject year. The First District, in McKinney v. Hunt, 251 So.2d 6 (Fla. 1st DCA 1971), explained as follows:
[T]he assessment will be made on the basis of the actual use to which the property is designed to be put during a particular tax year. One must note that this is limited to a particular tax year, as determined on January 1 of such year, even if it is changed during that year. Any expected use must be expected immediately, not at some vague, uncertain time in the future.
Id. at 9-10.
At the hearing before the trial court, there was evidence that site work on the property had commenced in 2001. Deconstruction and movement of two major canals had taken place in a manner which was consistent with the early stages of development of a golf course. Although this work had been commenced by Resorts' predecessor in title, such evidence was still relevant in determining the actual use of the property as of January 1, 2002. Additionally, there was evidence that little was done to further the pine farming activities on the property between the May 21, 2001 closing date and December 2001. The fact that Resorts waited until late December 2001 to enter into a contract with a land management company, whereby the land management company agreed to act as Resorts' agent "for the limited purpose of managing the property tax assessment of the [subject property]" could also be properly viewed by the trial court as supporting a finding that Resorts did not intend a bona fide agricultural use of the land in 2002.
Furthermore, the substantial purchase price paid by Resorts strongly supports the trial court's decision. As noted previously, section 193.461(3)(b)3 of the Florida Statutes specifically provides that the purchase price paid for a particular property can be considered as a factor in determining whether that property is being used primarily for bona fide agricultural purposes. Indeed, section 193.461(4)(c) of the Florida Statutes provides there is a presumption, albeit rebuttable, that property purchased at a price which is three or more times the agricultural assessment is not being used primarily for bona fide agricultural purposes.[2]
Having concluded that there was substantial competent evidence to support the trial court's finding that the property was not being used for bona fide agricultural purposes, we affirm.
AFFIRMED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] Section 194.036(3) of the Florida Statutes provides, in relevant part:

194.036. Appeals
Appeals of the decisions of the board shall be as follows:
* * *
(3) The circuit court proceeding shall be de novo, and the burden of proof shall be upon the party initiating the action.
§ 194.036(3), Fla. Stat. (2001).
[2] Section 193.461(H)(c) of the Florida Statutes provides, in relevant part:

193.461. Agricultural lands; classification and assessment; mandated eradication or quarantine program
* * *
(4)(c) Sale of land for a purchase price which is three or more times the agricultural assessment placed on the land shall create a presumption that such land is not used primarily for bona fide agricultural purposes. Upon a showing of special circumstances by the landowner demonstrating that the land is to be continued in bona fide agriculture, this presumption may be rebutted.
§ 193.461(4)(c), Fla. Stat. (2001)